[Civ. No. 1456. First Appellate District.—March 26, 1915.]

## JOHN P. COSTELLO, Respondent, v. JOHN DOE BELL et al., Appellants.

ACTION IN CLAIM AND DELIVERY—MOTION FOR CHANGE OF PLACE OF TRIAL—CONFLICTING EVIDENCE.—In an action in claim and delivery to recover possession of an automobile alleged to have come into the possession of the defendants through fraud in giving a false check for the purchase price, where the affidavits of the respective parties on a motion for change of place of trial are conflicting on the question of the residence of the parties, the decision of the trial court thereon will not be disturbed on appeal.

ID.—PARTIES—PROPER DENIAL OF MOTION.—In such a case where it appears from the complaint that plaintiff was defrauded out of his automobile by two of the defendants in a certain county and it was taken to another county and placed in the custody of the other two defendants, the plaintiff had a right to make all four of the parties defendants, and where one of the defendants was a resident of the county where the possession of the automobile was obtained at the time the action was brought, the action cannot be changed to the county of the residence of the other defendants upon their motion.

ID.—RETAKING PERSONAL PROPERTY—AUXILIARY REMEDY.—The remedy of retaking personal property through the process of claim and delivery is not to be classed as an independent form of action under our system of pleading but it is available as an auxiliary remedy in any action wherein the plaintiffs assert a present right to the possession of the personal property.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for a change of place of trial. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Charles O. Busick, for Appellants.

Fitzpatrick & Greeley, for Respondent.

THE COURT.—This is an appeal from an order denying a motion of the defendants Bell and Schlut for a change of venue from the city and county of San Francisco to the county of Sacramento, their place of residence.

The facts of the case as shown by the plaintiff's complaint are as follows: On February 9, 1913, the plaintiff was the owner of a certain Stoddard-Dayton automobile which he had intrusted to the Acme garage in San Francisco for sale. On that day the defendants Menrath and Williams (alias Fisk) undertook to purchase said machine from said garage, giving therefor a false check for the sum of one thousand three hundred dollars, being its entire purchase price; and by this means having obtained possession of the machine, they drove it to Sacramento, where they placed it with the defendants Bell and Schlut. The fraud being discovered, the plaintiff brought suit in the city and county of San Francisco against Bell, Schlut, Menrath, and Williams, setting forth the foregoing facts, and praying for the return of the machine or its value. Plaintiff also seized the machine upon the usual affidavit and writ in claim and delivery. The defendants Bell and Schlut were served with process, but the other two defendants had for the time being disappeared and could not be found. The defendants Bell and Schlut in due course appeared and made this motion to change the place of trial; and in their affidavits filed in support of said motion deposed upon information and belief that the defendants Menrath and Williams were made parties to the action by the plaintiff for the sole purpose of defeating the right of said moving parties to a change of venue. In these affidavits it was conceded that the defendant Menrath was a resident of San Francisco at the time the action was brought. Later these affidavits were amended so as to be made direct instead of upon information and belief; and the residence of Menrath in San Francisco was denied. The defendants also asserted in these later affidavits that the transaction between themselves and their co-defendants was one of sale, and that they bought and paid for the machine, and that it was their property, and that their co-defendants had no interest therein. The plaintiff by counter-affidavit denied that the defendants Menrath and Williams were made such for the purpose of defeating the other defendants' motion for change of venue, and asserted that the defendants Menrath and Williams both resided in San Francisco at the time the action was brought, and that they were necessary and proper parties to it, and hence that the motion of the defendants Bell and Schlut should be denied.

We are of opinion that no error was committed by the court in denying the motion of the defendants Bell and Schlut for a change of the place of trial. It is not to be disputed that if the defendants Menrath and Williams were proper parties defendant, and that if they or either of them resided in San Francisco at the time the action was brought, their co-defendants Bell and Schlut would not have been entitled to a change of the place of trial to Sacramento County under section 395 of the Code of Civil Procedure (*Greenleaf* v. *Jacks,* 133 Cal. 506, [65 Pac. 1039]). The evidence adduced by the affidavits of the respective parties to the motion is conflicting; and in such case this court will not interfere with the discretion of the lower court in reaching its conclusion as to which affiants were to be given credence. As to the showing sought to be made by the defendants Bell and Schlut to the effect that the plaintiff had named defendants Menrath and Williams as defendants in the action for the purpose of defeating a motion for change of venue, we do not deem such showing sufficient to establish that fact. It appears from the face of the complaint that the plaintiff had been defrauded out of his automobile by the defendants Menrath and Williams in the city and county of San Francisco through the device of a fictitious check for its purchase price; and that having obtained possession of it in this fraudulent way, these defendants took it to Sacramento and there placed it in the care and custody of the defendants Bell and Schlut. It does not appear from said complaint that the last-named defendants were other than merely the agents of their codefendants in the custody of said machine. The plaintiff in his complaint sets up the fraudulent transaction, and prays judgment against all of the defendants for the return of the machine. This we think he had a right to do. The remedy of retaking personal property through the process of claim and delivery is not to be classed as an independent form of action under our system of pleading; but it is available as an auxiliary remedy in any action wherein the plaintiffs assert a present right to the possession of personal property. (*Faulkner* v. *First Nat. Bank,* 130 Cal. 258, [62 Pac. 463], and cases cited.) In the showing made by the defendants Bell and Schlut in support of their motion it is nowhere denied that the plaintiff had been defrauded out of the possession of his property in the manner detailed in his complaint;

nor is it disputed that the defendants Bell and Schlut came directly into the possession of the property from those who had perpetrated the fraud. This being so, the plaintiff was not bound to inquire closely into the exact relation between the several defendants before commencing his action against them all, and enlisting the process of claim and delivery to aid him in the recovery of his property.

The motion for change of venue was properly denied. The order is affirmed.