[Civ. No. 2972.  Third Appellate District.—October 19, 1925.]

PACIFIC SOUTHWEST TRUST AND SAVINGS BANK (a Corporation), Respondent, v. V. TULLEDO, Defendant; J. V. FERNANDES et al., Appellants.

[1] CHATTEL MORTGAGE — FORECLOSURE — ERROR IN OVERRULING DEMURRER.—In this action to foreclose a chattel mortgage on livestock, while the demurrer of certain of the defendants may have been technically well taken, any error of the trial court in overruling said demurrer was cured by the provisions of section 4½ of article VI of the constitution.

[2] ID.—PRIOR CLAIM AND DELIVERY ACTION—PROPERTY IN CUSTODIA LEGIS—WAIVER OF OBJECTIONS.—A judgment for the foreclosure of a chattel mortgage on certain livestock will not be reversed because of the pendency of an undetermined prior action of claim

---

1.  See 2 Cal. Jur. 1012.

and delivery by two of the defendants against their codefendant in which action the sheriff took possession of the livestock and delivered same to the plaintiffs therein, where no request, either by pleading or otherwise, was ever made to the trial court to continue or delay the trial of the foreclosure action until after the action in claim and delivery had been heard and determined, and the question of ownership and title to the livestock was presented and litigated with all the parties present without any objection being made to the proceeding with the trial of the issues presented, and the testimony sufficiently supports the finding of the trial court as to the ownership of the livestock by the mortgagor.

[3] ID.—PARTIES—EXONERATION OF SURETIES.—In such foreclosure action, as the mortgagor (who was the defendant in the prior claim and delivery action) was joined as a party defendant, the taking of the livestock from the other defendants (who were the plaintiffs in said prior claim and delivery action) would constitute an exoneration of the sureties in the claim and delivery action.

[4] ID.—IDENTITY OF PROPERTY—OWNERSHIP—JUDGMENT.—Irrespective of whether the property taken under said claim and delivery proceedings was subject to execution in the foreclosure proceeding, the mortgagee possessed the right under his chattel mortgage to have foreclosure judgment entered covering the property therein mentioned, if the court, with all the parties before it claiming any interest therein, found the property in question belonged to the mortgagor at the date of the execution of the chattel mortgage.

---

(1) 1 C. J., p. 101, n. 19; 4 C. J., p. 927, n. 42, p. 935, n. 70. (2) 1 C. J., p. 101, n. 19; 11 C. J., p. 726, n. 50 New.   (3) 34 Cyc., p. 1579, n. 67.   (4) 11 C. J., p. 730, n. 24 New.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Russell & Heid and G. W. Zartman for Appellants.

D. E. Perkins and Feemster & Cleary for Respondent.

PLUMMER, J.—Action to foreclose chattel mortgage on certain livestock. Plaintiff had judgment and the defendants J. V. Fernandes and Mary V. Fernandes appeal. The record in this case discloses that on or about the twentieth day of October, 1922, Mrs. M. Elma Foster, the owner of a certain ranch known as the Foster ranch in the county of Tulare and also of a certain band of cattle,

leased said ranch to one V. Tulledo and also sold the live-
stock thereon to the said Tulledo, and to secure the payment
of the purchase price thereof took from said V. Tulledo a
chattel mortgage covering the' personal property then and
there sold and delivered to the said Tulledo, and also a
promissory note evidencing the amount remaining due on
said purchase price.  That thereafter, and on or about the
fourteenth day of November, 1922, said note and chattel
mortgage were assigned to the plaintiff herein, and on the
fifteenth day of November, 1922, the chattel mortgage was
recorded in the office of the county recorder of Tulare
County, state of California, in the official records of said
county.  The property covered by the mortgage is set out
and described therein and consisted of fifty-nine head of
cattle and other personal property not involved herein.  It
also appears from the record that prior to the purchase
by the defendant Tulledo from Mrs. Foster of the property
herein referred to, the said Tulledo had, upon a conditional
contract of sale, purchased from the defendant Fernandes
certain other livestock consisting of a band of cattle of
between forty and fifty head; that the said defendant
Tulledo had this band of cattle on the Foster place, together
with other cattle, numbering in all ninety-six head, a por-
tion of which is alleged to have belonged to a brother of the
defendant Tulledo.  It further appears that after the
transactions herein referred to were had, the cattle were
further marked by the said Tulledo so as to render them
more readily capable of being identified and some of them
moved to different ranches.

The defendant Tulledo, not having complied with the
terms and conditions of the conditional contract of sale by
which he acquired possession of the cattle theretofore be-
longing to the defendants Fernandes, the said Fernandes took
possession of a portion thereof, and on or about the ——
day of February, 1923, began an action in claim and de-
livery, and took possession of some forty head of the cattle
hereinbefore referred to, claiming to be the owner thereof.
Said cattle were taken under claim and delivery proceedings
by the sheriff of the county of Tulare in an action against
the defendant V. Tulledo, and, no redelivery bond being
executed by him, were by the sheriff, upon the faith of the .
sureties, executed by the defendants Fernandes, turned

over to them. Thereafter, and on or about the sixth day·
of April, 1923, the plaintiff began this action to foreclose
the chattel mortgage hereinbefore referred to as having been
executed by the defendant Tulledo to Mrs. M. Elma Foster
and assigned to the plaintiff, joining as defendants in said
action V. Tulledo and J. V. and Mary V. Fernandes. The
complaint sets forth the execution and the assignment of
the mortgage, the noncompliance with its terms by the
defendant Tulledo, the mortgagor therein named, and also
alleges that the defendants Fernandes claim some interest
in said property. The defendants Fernandes demurred to
the sufficiency of the plaintiff's complaint, which being over-
ruled, made answer to said complaint and, among other
things, alleged ownership of the property in question and
also set forth that on or about the twenty-ninth day of June,
1923, said defendants Fernandes and plaintiff began an
action in the superior court of the county of Tulare to
recover possession of fifty-six head of livestock; that upon
the filing of said complaint the defendants furnished the
undertaking required by law and instructed the sheriff of
said county to take possession of said property; that pos-
session thereof was taken by the sheriff, was thereafter de-
livered to the said Fernandes and that the said action in
claim and delivery is still at issue in the superior court of
said county and not yet tried. The defendants Fernandes
alleged that they had no livestock in their possession in-
cluded in said chattel mortgage and further set forth:

"That by reason of the want of knowledge as to what
if any of said live stock taken by the said sheriff of said
County of Tulare in the action of claim and delivery by
these defendants against said V. Tulledo, were included in
said chattel mortgage set out in said amended complaint,
these defendants cannot state how many if any of the
live stock so taken by said sheriff were included in said
chattel mortgage, and basing their denial on that ground
deny that any of the live stock taken by the said sheriff of
said county of Tulare, were live stock included in the mort-
gage executed to said M. Elma Foster."

The court made findings in accordance with the prayer
of plaintiff's complaint, found that the property in ques-
tion was the property sold by Mrs. M. Elma Foster to the
defendant Tulledo and was not the property sold by the

defendants Fernandes to the defendant Tulledo, and also made the following finding:

"That on or about January 29th, 1923, defendants J. V. Fernandes and Mary V. Fernandes began an action against the said V. Tulledo in the Superior Court of the said County of Tulare for the recovery of the possession of fifty-six head of live stock and other personal property owned by said J. V. Fernandes and Mary V. Fernandes, and on the filing of said complaint furnished to the Sheriff of said County of Tulare, the undertaking and affidavit required by law, together with instructions to said Sheriff to take the personal property mentioned in said complaint and affidavit from the possession of said defendant V. Tulledo and pursuant to said instructions, said Sheriff, did, thereafter, take a portion of the personal property, to-wit, twenty-six head of heifers and calves he was instructed to take, and after retaining them for five days, said Sheriff delivered possession thereof to said plaintiffs in that action, and that said action is now at issue in said Superior Court of this County, and has not yet been tried."

Upon this appeal it was argued by the appellants, first, that their demurrer should have been sustained, and, second, that the property was *in custodia legis* and therefore that any judgment of foreclosure and sale before the termination of the replevin suit was premature and contrary to law. [1] While it may be true that the demurrer of the defendants Fernandes was technically well taken, we think that any error therein is cured by the provisions of section 4½ of article VI of the Constitution relative to any errors or matters of pleading which do not result in a miscarriage of justice. The testimony relative to the description of the property appeared to the trial court to be sufficient to enable anyone upon inquiry to ascertain and determine the property covered by the chattel mortgage, and we have not had pointed out to us any reason why the findings of the trial court in this particular should be disturbed.

[2] The real controversy before the trial court was as to the ownership of the property, that is, whether the property covered by the chattel mortgage, twenty-six head of which were taken under claim and delivery proceedings by the defendants Fernandes, was the livestock sold to the defendant Tulledo by Mrs. Foster, or by the defendants Fernandes.

We think the testimony sufficiently supports the finding of
the court as to the ownership of the property and from
whom title thereto was acquired by the defendant Tulledo
The testimony of the defendant Tulledo, if believed by the
trial court, was sufficient to support the court's findings. It
is clear and direct to the point that the property in con-
troversy is the livestock obtained by him from Mrs. Foster
and covered by the chattel mortgage. His testimony also
accounts for the property acquired by him from the de-
fendants Fernandes and what had become of the same.
The real point in issue in this appeal is as to whether the
judgment of foreclosure in this case was or was not pre-
mature. An examination of the record fails to disclose that
request, either by pleading or otherwise, was ever made
to the trial court to continue or delay the trial of the fore-
closure action until after the action in claim and delivery
had been heard and determined. This case also presents
the differentiating feature from that of the other cases
which have been called to our attention, in the fact that
both the plaintiffs and the defendant in the claim and de-
livery action are made parties defendant in the foreclosure
proceedings, and that the question of ownership and title
to the property has been presented and litigated with all
the parties present without any objection being made to
the proceeding with the trial of the issues presented. In
*Hawi Mill etc. Co., Ltd.,* v. *Leland,* 56 Cal. App. 224 [205
Pac. 485], the ruling was had that personal property taken
in an action upon claim and delivery and thereafter de-
livered to the plaintiff under the provisions of section 514,
Code of Civil Procedure, remains *in custodia legis* after
such delivery and is not subject to a writ of execution.
It is also further held that *mandamus* will lie to compel
redelivery of such property to the plaintiff in the claim and
delivery action, in the event that the same is taken from
him upon an execution issued in another action. In that
case an execution was issued in an attachment suit, the
institution of which brought about the claim and delivery
proceeding. The reasons given for the rule are that the
sureties of the plaintiff in the claim and delivery proceed-
ing, in the event the plaintiff therein is unsuccessful, have
a right to have delivery to them of the replevied property

in the event that they are called upon to pay the judgment for damages and the value of the property taken in the claim and delivery action against the plaintiff therein. To the same effect is the opinion of the court in *Bisconer* v. *Billing,* 71 Cal. App. 779 [236 Pac. 329]. In applying the principle involved in actions similar to the present, the court, in *Hunt* v. *Robinson,* 11 Cal. 262, on pages 274–279, sets forth that where attached property is taken on claim and delivery proceedings and then redelivered to the sheriff, such redelivery to the sheriff exonerates the sureties in the claim and delivery proceeding to the extent of the property so redelivered.

[3] In the case at bar and following the opinion of the court in *Hunt* v. *Robinson, supra,* the taking of the property from the defendants Fernandes in an action in which the defendant Tulledo is also joined would constitute an exoneration of the sureties in the claim and delivery action, for the simple reason that the ownership of the defendant Tulledo therein is completely and absolutely foreclosed. The ownership of the defendants Fernandes in and to the twenty-six head, taken under the claim and delivery proceeding, was also tendered and determined by the trial court. Without any plea in abatement in the foreclosure proceedings, without any objection to the court proceeding with the trial of the issues therein tendered other than the pleading which we have hereinbefore set forth, we do not very well see wherein any valid objection is urged to the entry of the judgment of foreclosure in this action. [4] Irrespective of whether the property taken under the claim and delivery proceedings is subject to execution in the foreclosure proceeding, the plaintiff, nevertheless, possessed the right under his chattel mortgage to have foreclosure judgment entered covering the property therein mentioned, if the court with all the parties before it claiming any interest therein found the property in question belonged to the mortgagor at the date of the execution of the chattel mortgage. As the reasons assigned for reversal do not appear to us sufficient, it is hereby ordered that the judgment be, and the same is, hereby affirmed.

Hart, J., and Finch, P. J., concurred.