[Sac. No. 4015. In Bank.—September 1, 1928.]

M. ELMA FOSTER, Respondent, v. J. V. FERNANDES et al., Appellants.

G. W. Zartman and Russell & Heid for Appellants.

Feemster & Cleary for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff in an action for the possession of certain dairy stock. The cause was tried before a jury, which rendered a verdict fixing the value of the stock at $2,250 and $500 damages for detention. Judgment was entered against the several defendants for possession or, if delivery could not be had, for the value and damages against the defendants Fernandes only.

In support of the appeal it is contended by the defendants that their demurrer to the second amended complaint for misjoinder of causes of action and of parties defendant should have been sustained. Each defendant was alleged to have possession of a certain number of the cattle, and it is insisted that the cause of action as to each defendant did not "affect all the parties to the action," as required by section 427 of the Code of Civil Procedure. The allegations of control of the cattle by the defendants Fernandes were sufficient, we think, to support proof of a relationship, either of principal and agent or of coactors in unlawfully taking possession of the cattle, between the defendants Fernandes and their co-defendants. There was, therefore, no defect of misjoinder. (*More* v. *Finger*, 128 Cal. 313 [60 Pac. 933]; *Costello* v. *Bell*, 27 Cal. App. 102 [148 Pac. 948]; 5 Cal. Jur., p. 175.)

It is next contended that the plaintiff's cause of action is barred by the statute of limitations. The original complaint was filed February 20, 1926. The proof was sufficient to support the implied finding of the jury that the cattle came into the possession of the Fernandes not

earlier than February 21, 1923. All of the defendants were made parties to the original complaint. As to all of them except the Fernandes it was alleged that they claimed without right some interest in the cattle. As to the Fernandes unlawful possession was alleged. An amended complaint filed some two weeks later alleged unlawful possession as to all of the defendants. The filing of the original complaint tolled the statute for the reason that the amendments were germane to the original cause of action.

It is next contended that the court erred in admitting in evidence the judgment in a foreclosure suit involving the title to the same cattle found by the jury to be involved in this action. That action was filed in April, 1923. The plaintiff herein was the mortgagee under the chattel mortgage and the assignor for purposes of security of the plaintiff bank in the action to foreclose the mortgage. The Fernandes were parties defendant in the foreclosure suit. It was determined therein, both in the trial court and on appeal, that the Fernandes had no interest in said cattle. (*Pacific Southwest Trust & Sav. Bank* v. *Tulledo, Fernandes et al.,* 74 Cal. App. 629 [241 Pac. 574].) The subject matter of interest of the Fernandes in the cattle was the same in that action as in this action, and it is clear from the record that there was such privity between the bank and Mrs. Foster in that action as to render the parties the same. The judgment was therefore admissible as against the defendants Fernandes.

The next point made by the defendants is that the court erred in refusing to admit in evidence a default judgment in the case of *Fernandes* v. *Tulledo.* That was an action commenced in January, 1923, to recover possession of certain cattle sold by the Fernandes to Tulledo under a contract of conditional sale which the Fernandes claimed Tulledo had breached, a portion of which cattle the Fernandes claimed were the cattle involved in the present action. The jury in the present action impliedly found that the cattle involved herein were not included within the cattle conditionally sold to Tulledo under said contract. As the action of *Fernandes* v. *Tulledo* involved cattle which were found not to be involved in the present action, we find no prejudicial error in refusing to admit said judgment in evidence.

█ The defendants Fernandes offered to prove that on the going down of the *remittitur* in the foregoing case they paid the judgment in that case, amounting to a balance due on the secured note of $1,578.41. The court refused to admit this evidence, on the ground that the Fernandes were strangers to the title under the judgment in the foreclosure action and that they could not acquire title by payment of the judgment which determined that they had no interest in the cattle. We find no error in the ruling.

█ The plaintiff herein asserts title to and right of possession of said cattle under an oral transfer thereof from Tulledo in November, 1922. The Fernandes claim under the judgment against Tulledo. The other defendants claim as purchasers in good faith from the Fernandes. The evidence shows that the Fernandes took possession of the cattle involved herein in February, 1923, under process in their claim and delivery action against Tulledo. No redelivery bond was filed by Tulledo and he subsequently suffered default and went into bankruptcy. After the Fernandes thus took possession of said cattle, and before the commencement of this action, they sold them in separate portions to the other defendants herein. The record shows that these purchases were made in good faith. We think they should be protected in their purchases under section 3440 of the Civil Code, for the reason that it is established without conflict in the evidence that the oral transfer of title to Mrs. Foster in November, 1922, was not followed by any delivery or change of possession from Tulledo, who was then and for months thereafter continued to remain in possession of the cattle. We are satisfied that the contention of the defendants other than the Fernandes, that the evidence is insufficient to support the judgment for possession as against them, should be sustained.

█ As to the defendants Fernandes the evidence showed that the cause of action proved against them was one in conversion. They retained possession of four head out of the forty-six head claimed by the plaintiff, but we treat this as a negligible quantity and unimportant in view of the relief to which the plaintiff is otherwise entitled. The evidence is abundantly sufficient to support the finding that the Fernandes had no interest in the cattle; that they unlawfully took possession of the same and disposed of them to innocent

parties prior to the commencement of this action. Under the proof the court should have granted the relief which the evidence called for, by entering a judgment in favor of the plaintiff and against the defendants Fernandes for the value of the cattle in the amount found by the jury to be their value at the time of the conversion, to wit: $2,250, with interest from the date of the conversion (sec. 3336, Civ. Code), but without damages for detention.

The judgment for possession as to all of the defendants is reversed. The judgment as to the defendants Fernandes is modified to read as follows: "It is adjudged that plaintiff do have and recover from the defendants J. V. Fernandes and Mary V. Fernandes the sum of $2,250, with interest thereon at the rate of seven per cent per annum from February 27, 1923," with costs against said defendants as taxed in the trial court.

As so modified the judgment against the defendants Fernandes is affirmed, the appellants to recover costs on appeal.

Preston, J., Richards, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.