[Civ. No. 11350. First Appellate District, Division Two.—September 16, 1940.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a Corporation), Respondent, v. Mc-LAUGHLIN LAND AND LIVESTOCK COMPANY (a Corporation), Appellant.

Garth V. Lacey, Wyckoff, Gardner & Parker and George T. Davis for Appellant.

Rosendale & Thomas, Keyes & Erskine and J. Benton Tulley for Respondent.

NOURSE, P. J.—The plaintiff sued in unlawful detainer to recover possession of approximately 600 acres of farming land in the county of Monterey. Plaintiff had judgment upon a directed verdict, and the defendant appeals upon a typewritten record.

We take the statement of facts from respondent's brief since appellant does not controvert it, except in immaterial matters hereafter noted, and we find it a full and fair statement for all purposes of the discussion of the issues involved.

"On March 17, 1931, the appellant and one William Brinan made, executed and delivered a note to the respondent, hereinafter called Bank, in the sum of $173,800.00. Appellant conveyed 6,640 acres of land, including the 600 acres in-

volved in the instant case, to Corporation of America, as trustee for Bank, as security for the loan made by the Bank. Appellant defaulted under the note, and the property was foreclosed and the trustee's sale held on March 28, 1932. A trustee's deed was executed, delivered and recorded.

"Immediately following the sale, the appellant surrendered possession of all but the 600-acre 'Home Place', which is involved in this action.

"The Bank since 1932 has been attempting to recover possession of this remaining 600-acre parcel. A considerable amount of litigation has ensued. The following is a brief statement of the litigation.

"On May 27, 1932, the Bank commenced an action in unlawful detainer under the provisions of section 1161a C. C. P., seeking to recover possession of the entire 6,400 acres of land covered by the deed of trust, against the appellant and the stockholders of appellant, who are the members of the McLaughlin family. This action we shall call the first unlawful detainer action. The appellant in its answer in the first unlawful detainer action admitted the regularity of the foreclosure proceedings and the validity of the foreclosure sale and set up as an affirmative defense that the Bank had given appellant and the individual stockholders an oral seven-year lease to the 'Home Place'. No claim was made to the remaining 5800 acres. The jury found for the defendants in that action and judgment was entered accordingly.

"On July 11, 1933, the Bank commenced a new unlawful detainer action, which we shall call the second unlawful detainer case, under the provisions of section 1161, subd. 1, C. C. P. This action involved only the 600-acre 'Home Place' and was prosecuted on the theory that the tenancy of the defendants, including the appellant, had terminated. In the second unlawful detainer action the appellant denied that it was in possession of the property and claimed that the oral seven-year lease was made between the Bank and the stockholders and officers of appellant as individuals. In other words, the appellant in the second unlawful detainer action, contrary to its verified claim in the first unlawful detainer action, pleaded that it was not a party to the lease. The defendants in the second unlawful detainer action pleaded the first unlawful detainer judgment as *res judicata*. Judge Dooling, who presided at the trial, entered judgment in

favor of the Bank, but the District Court of Appeal reversed the judgment on the ground that the judgment in the first unlawful detainer action was *res judicata*. (*Bank of America* v. *McLaughlin,* [1937] 22 Cal. App. (2d) 411 [71 Pac. (2d) 291, 72 Pac. (2d) 554].)

''The Bank then waited until the expiration of the lease and commenced a new action in unlawful detainer against the stockholders and officers of appellant. In their answers they denied that they were in possession of the property and alleged that appellant took possession of the 'Home Place' on December 1, 1938, which was the day following the expiration of the oral seven-year lease.

''The Bank then commenced this action against appellant for the possession of the 'Home Place'. The Bank introduced in evidence the deed of trust and the trustee's deed to prove a *prima facie* case. It also introduced the judgment rolls and transcripts in two previous cases wherein the regularity of the foreclosure proceedings and the validity of the foreclosure sale were in issue and passed upon. Appellant sought to introduce certain evidence seeking to attack the regularity of the foreclosure proceedings which was excluded by the trial court. No other evidence was offered by the appellant. The court directed the jury to return a verdict for the Bank, and judgment was accordingly entered for the Bank.

''The three stockholders and officers of appellant commenced proceedings under section 75 of the Bankruptcy Act during the pendency of the second unlawful detainer action. On petition of the Bank these proceedings were dismissed by the Federal Court.

''While the appeal in the second unlawful detainer action was pending, execution was issued on the judgment in favor of the Bank and levied upon certain crops which were stored in a warehouse in the Bank's name by the defendants as performance under the lease. After the reversal ordered by the District Court of Appeal in the case cited, the defendants sought restitution, which was denied by the trial court. This court affirmed the order denying restitution. (*Bank of America* v. *McLaughlin,* [1940] 37 Cal. App. (2d) 415 [99 Pac. (2d) 548].)''

It may be added that, since the appeal in this case, appellant commenced a new proceeding under section 75 of the

Bankruptcy Act, but, upon stipulation, action in that proceeding has been postponed and the parties were permitted to proceed to final judgment in all proceedings pending in the state courts.

There is no substantial difference in the statements of issues involved made by the respective parties, but a logical discussion of these may be had by following the topical order of presentation adopted by the respondent, as appellant has done in submitting the appeal.

During the course of the trial the court received in evidence over appellant's objection the record of the first proceeding in bankruptcy brought under section 75 of the Bankruptcy Act. Appellant asserts that this was error because the bankruptcy court did not have jurisdiction of the proceeding, that the judgment was void in so far as it adjudicated the issue of title to the property here involved, and hence is not *res judicata* as to these issues. Respondent answers that the appellant tendered to the bankruptcy court two issues—that it was a "farmer" under the terms of the Bankruptcy Act, and that it was the owner of the property which it claimed to be farming. When the matter was submitted to the bankruptcy court, upon motion of the respondent to dismiss, both of these issues were determined adversely to this appellant by the referee to whom they were submitted and these findings were approved by the federal district court in an order dismissing the proceedings. The appellant herein took an appeal from that order to the Circuit Court of Appeals where it was affirmed. (*McLaughlin Land & Livestock Co.* v. *Bank of America,* 94 Fed. (2d) 491.) That the Circuit Court rested its opinion on the one issue of appellant's relation as a farmer, though both issues were involved, will be referred to later.

The appellant states its position in this language: "The application of appellant for relief under section 75 was filed March 9, 1936. . . . The ownership of land, or of an interest in land, is not made a condition precedent to the right of the farmer to relief. He may be a tenant or a cropper and his property may all be personal in character, but if he is a farmer, he has a right to apply for and receive relief." By the terms of subsection "n" of section 75 it is provided that, "The filing of a petition . . . praying for relief under this section, shall immediately subject the farmer and *all his prop-*

erty, . . . to the exclusive jurisdiction of the court, including all real or personal property, *or any equity or right* in any such property, including, among others, . . . where a deed of trust has been given as security, or where the sale has not or had not been confirmed.'' (Italics ours.)

Appellant construes the section to mean that ''all of the property owned by the farmer, or in which he has any interest, both real and personal, passes under the control of the court''. It is then argued that if the petitioner is not a ''farmer'' the court has no jurisdiction of his person and no jurisdiction to assume control over any property in which he has an interest, hence that any decision of the bankruptcy court ruling that the petitioner has no interest in the property listed in the schedule is beyond the issues and beyond the jurisdiction of the court. The respondent concedes appellant's premise, but rejects the conclusion.

The controversy between the parties on this point naturally divides itself into three headings: (1) the power of the bankruptcy court to pass upon its own jurisdiction; (2) its power to adjudicate title to property listed in the debtors' schedule; and (3) the effect of its decree determining more than one issue. ▮▮ Preliminarily we start with the axiomatic observation that the decisions of the federal courts determining the jurisdiction of their own courts is controlling here as well as the decisions interpreting and declaring the purport and effect of their own judgments. Hence, when a judgment of a federal court is received in a state court it is to be accepted with the full faith and credit accorded that judgment in the jurisdiction where it was rendered and in the light of its interpretation in the federal decisions. This is the effect of the recent decision of the Supreme Court of the United States in *Stoll* v. *Gottlieb*, 305 U. S. 165 [59 Sup. Ct. 134, 83 L. Ed. 104], where it rejected the ruling of the Illinois state court refusing to accept certain decrees of a bankruptcy court as *res judicata* on the grounds that the bankruptcy court had no jurisdiction to enter the decrees. The Supreme Court said: ''After a federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of *res judicata* is made has not the power to inquire again into that jurisdictional fact. We see no reason why a court, in the absence of an allegation of fraud in obtaining the judgment, should examine again the question whether the

court making the earlier determination on an actual contest over jurisdiction between the parties, did have jurisdiction of the subject matter of the litigation. In this case the order upon the petition to vacate the confirmation settled the contest over jurisdiction.''

With this rule in mind we turn to the federal decisions as determinative of the first two questions presented. In *Chicot County Drainage Dist.* v. *Baxter State Bank,* 308 U. S. 371, 376 [60 Sup. Ct. 317, 319, 84 L. Ed. 329], (1940) the United States Supreme Court said:

''The argument is pressed that the District Court was sitting as a court of bankruptcy, with the limited jurisdiction conferred by statute, and that, as the statute was later declared to be invalid, the District Court was without jurisdiction to entertain the proceeding and hence its decree is open to collateral attack. We think the argument untenable. The lower federal courts are all courts of limited jurisdiction, that is, with only the jurisdiction which Congress has prescribed. But none the less they are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally. . . .

''The court has the authority to pass upon its own jurisdiction and its decree sustaining jurisdiction against attack, while open to direct review, is *res judicata* in a collateral action. (*Stoll* v. *Gottlieb,* 305 U. S. 165, 171, 172, 59 Sup. Ct. 134, 137, 83 L. Ed. 104.)''

The question of ownership of the property listed by the petitioner in the debtor's schedule is equally jurisdictional, and the power of the bankruptcy court to determine that issue has been affirmed by many authorities. In *In re Weis,* 10 Fed. Supp. 227, 229, the federal District Court sitting in Iowa said: ''The parties agreed to argue only the jurisdictional question whether or not under the facts the debtor is a farmer within the meaning of section 75(r) of the Bankruptcy Act (11 U. S. C. A., sec. 203 [r]); but as the other question, to-wit, whether or not the court has jurisdiction of the property sought to be reclaimed by the petitioner herein, is also jurisdictional and as the federal court must

notice facts which point to lack of jurisdiction, both questions should be here passed upon." In *In re Knauft,* 10 Fed. Supp. [785], 786, the federal District Court sitting in California, in a case where petitioner's interest in the property had been foreclosed and the period of redemption had expired pending the bankruptcy proceedings, said: "The alleged ownership of that property was the only thing that would entitle petitioner to the claim that she possessed the character of a 'farmer'. An added fact here, which was omitted in the foregoing statement, is that the period of redemption has expired and the proper conveyance made to the purchaser after the filing of the petition under section 75, as amended, by the debtor. All interest of the debtor in the land is gone and there is nothing left for the court to act upon under the conditions specified in section 75 as amended or section 75 (s), 11 U. S. C. A. section 203 or section 203 (s)." (See, also, *In re Randall,* 20 Fed. Supp. 470.)

The third inquiry suggested above, the effect of the decree determining more than one issue, is answered in the brief statement found in 34 C. J., page 922, reading: "If the questions involved in a suit are tried and decided, no matter how numerous they may be, the estoppel of the judgment will apply to each point so settled, in the same degree as if it were the sole issue in the case." Appellant, of course, must concede that it tendered two issues to the bankruptcy court—its status as a farmer, and its ownership of the property. It is conceivable that the bankruptcy court may have found that petitioner was not a "farmer" under the act because it has no interest in the property described and that would have ended the controversy. But that court, upon issues squarely presented by this appellant, found that appellant was not a farming corporation, and also found that the trustees' sale was valid, that the bank became the owner of the property by purchase at a trustees' sale, and that appellant owned no interest. These findings having been incorporated in the judgment it must be assumed that when the Circuit Court of Appeals affirmed the judgment it became *res judicata* of both the issues tendered and tried. This rule is stated in 34 C. J. 773 as follows: "A general affirmance of a judgment on appeal makes it *res judicata* as to all the issues, claims, or controversies involved in the action and passed upon by the court below, although the appellate court

does not consider or decide upon all of them.'' Upon the same subject and to the same result, it was said in *State* v. *City of Cleveland,* 60 Ohio App. 395 [22 N. E. (2d) 223, 226] : ''However, it is universally held that a court speaks by its record or journal and not by its opinions, and nothing contained in the opinion of the Circuit Court of Appeals can affect the adjudication of the District Court, unless carried into the judgment of the reviewing court. The judgment of the Circuit Court of Appeals was an affirmance of the judgment of the District Court leaving that judgment in its entirety as a final and binding adjudication of the issues presented. (Citing cases.)''

From the foregoing it must follow that, when the bankruptcy court determined that the petitioner therein had no interest in the property listed, such determination became final as to that issue, notwithstanding the fact that the Circuit Court of Appeals, in affirming the judgment, based its conclusions upon the other issue. For this reason the findings of the bankruptcy court that the trustees' sale was valid, that the bank became the owner of the property in controversy by purchase at the trustees' sale, and that appellant herein did not own any interest therein, must be deemed in this proceeding as matters adjudicated and hence properly admissible in evidence.

During the course of the trial the court received in evidence over appellant's objection the judgment roll in *Bechtel* v. *McLaughlin Land & Livestock Company,* an action brought by an assignee of respondent to recover the deficiency after the sale under the deed of trust. Appellant's objections to the offer are that the parties were not the same, and that the question of whether the deed of trust has been foreclosed was not within the issues. The first point is not seriously defended by appellant, reliance being left on the erroneous statement that, since the transcript of the testimony taken in the Bechtel case was not admitted in evidence in this case, there was no evidence here that Bechtel was an assignee for collection only. But it was not necessary to show that. ''A judgment is binding upon the real parties in interest although they are not nominally parties.'' (15 Cal. Jur., p. 190.) In *Standard Oil Co.* v. *J. P. Mills Organization,* 3 Cal. (2d) 128, 139 [43 Pac. (2d) 797], the Supreme Court said: ''However, it is fundamental as to the doctrine in *res judicata* that before

the former adjudication may operate as an estoppel as to issues in the later action, there must be an identity of parties, as well as an identity of issues. The subsequent action must be between the parties *or their privies.''* (Italics ours.) To the same effect are *Foster* v. *Fernandes,* 205 Cal. 128, 131 [270 Pac. 188]; *California State Auto. Assn.* v. *Brunella,* 14 Cal. App. (2d) 464, 466 [58 Pac. (2d) 694]. Where one case holds that a prior judgment is *res judicata* in favor of the assignor and the other holds that it is binding against him, the same principle supports both decisions, namely, that the prior judgment is binding against the real parties in interest irrespective of how the nominal parties appeared in the proceeding.

The argument on the second point takes a wide range which we will **not** discuss in all its details. The complaint in the Bechtel case alleged the execution by the defendants on March 17, 1931, of a promissory note in the principal sum of $173,800. Paragraph III alleged, ''that no part of said promissory note has been paid, save and except that $76,003.46 has been paid on account of the principal thereof, and interest thereon has been paid to March 26, 1932''. The defendants answered these allegations in a pleading which is not understandable using the following words: ''Answering the allegations in Paragraph III of plaintiff's Complaint, defendants, or either of them, have not sufficient knowledge, information, or belief to answer said allegations, and therefore, deny same. Defendants deny all other allegations in said Paragraph contained.'' But, on page 8 of the opening brief appellant states: ''By the answer, all of the allegations of the complaint, with the exception of the assignment of the note to the plaintiff, were, in legal effect, admitted.'' It is fair to assume from the peculiar wording of the portion of the answer above quoted that the plaintiff in that action was entitled to infer that the defendants intended to deny the payments alleged and that, upon such assumption was entitled to make proof of those payments though it was not necessary for it to do so. If such proof included evidence of the sale under the deed of trust and that the amount sued for was the deficiency remaining after such sale the case is clear that the judgment in that case was an adjudication that a sale was made. Prior to the enactment of section 580a of the Code of Civil Procedure it was proper to plead a cause for a deficiency judgment

in the form employed in the Bechtel case. (*Herbert Kraft Co.* v. *Bryan,* 140 Cal. 73 [73 Pac. 745].) To such pleading the defendant was accustomed to plead by way of special defense that the note was secured by a deed of trust. (*Hibernia Sav. & Loan Soc.* v. *Thornton,* 117 Cal. 481 [49 Pac. 573].) If the cause was tried upon this theory then evidence that the note in suit was secured by a deed of trust, evidence of foreclosure and sale under the deed, and evidence that the security of the deed had been exhausted was all within the issues. From the transcript of the testimony taken in the Bechtel case, which was admitted in evidence in this case, it appears that the note pleaded in that case was of the same date, for the same amount, and between the same parties as the note which is the subject of this litigation, and a reasonable inference would follow from this that both suits involved the same transaction. In any event, since by their denials the defendants put the plaintiff to proof that the security of the deed of trust was exhausted, it becomes apparent that the foreclosure and sale were triable issues in that litigation. However, it is not necessary to indulge in all these inferences. Having shown in this proceeding that both actions involved the same secured promissory note, it became incumbent upon the plaintiff in the Bechtel case to prove that its security had been exhausted before it could maintain any suit upon the note. (*Bank of Italy etc. Assn.* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940].) Hence, the foreclosure and sale under the deed of trust were relevant to the issues and within the scope of that action. This being so the question of the finality of the judgment is answered in the recent case of *Sutphin* v. *Speik,* 15 Cal. (2d) 195 [99 Pac. (2d) 652], where the court said:

"Next is the question, under what circumstances is a matter to be deemed decided by the prior judgment? Obviously, if it is actually raised by proper pleadings and treated as an issue in the cause, it is conclusively determined by the first judgment. But the rule goes further. If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions.

Hence, the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable. In *Price* v. *Sixth District*, 201 Cal. 502, 511 [258 Pac. 387], this court said: 'But an issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result. . . . This principle also operates to demand of a defendant that all of its defenses to the cause of action urged by the plaintiff be asserted under the penalty of forever losing the right to thereafter so urge them.' (See, also, *Elm* v. *Suburban Fruit Lands Co.*, 217 Cal. 223 [17 Pac. (2d) 1003]; *Andrews* v. *Reidy*, 7 Cal. (2d) 366, 370 [60 Pac. (2d) 832]; *Minnich* v. *Minnich*, 127 Cal. App. 1 [15 Pac. (2d) 804].) . . . We are not impressed by defendant's assertion that he could not have raised the defense in the first action because it would amount to an admission of trespassing on state land. The defense might have been weak, embarrassing, or dangerous to the defendant; and he may have chosen to refrain from presenting it for reasons important to himself; but this can have no present effect upon the conclusiveness of the determination in the plaintiff's favor. When we say that the issue could have been raised, we mean that it was relevant to or within the scope of the action, and not that it was at the time a defense upon which the defendant might prevail." To the same effect see 15 Cal. Jur., p. 140; 15 R. C. L., pp. 969, 970; *Price* v. *Sixth Dist. Agr. Assn.*, 201 Cal. 502, 510 [258 Pac. 387]; *Lanktree* v. *Lanktree*, 6 Cal. (2d) 120, 122 [56 Pac. (2d) 943].

But if it should be said that these conclusions rest too broadly on inferences and presumptions, it is sufficient to say here that appellant's whole argument rests primarily on the ground that, upon its objection, the trial court refused to admit the transcript of the evidence taken in the Bechtel trial which it concedes would have proved all the facts here stated. After the cause was submitted the appellant by letter confessed error in this respect and admitted that such transcript was received in evidence over its objection. Though the point is not fully argued we hold that its admission was proper. The authorities are uniform that extrinsic evidence is admissible to prove the issues in the prior judgment if they

do not appear on its face. Hence the plaintiff was entitled to make that proof if necessary to sustain the judgment. For these reasons we conclude that the judgment roll in the Bechtel case was properly admitted.

■ The appellant assigns error in the refusal of the trial court to receive evidence tending to refute the recitals in the trustees' deed on the ground that appellant was concluded by those recitals. The deed of trust provided: "The recitals contained in any deed or deeds made pursuant to any sale of the property hereunder setting forth matters or facts with reference to the regularity or validity of said sale shall be conclusive proof of the truthfulness thereof, and such deed or deeds shall be conclusive against the Trustor and all other persons. The said matters or facts need not be stated specifically but may be stated in general terms and in conclusions." The trustees' deed contained a recital that the property was sold to the grantee at the time, place, terms and conditions provided in the deed of trust "and in all respects as provided by the laws of the State of California". The appellant argues that though the deed of trust makes the recitals of everything leading up to the sale conclusive, it does not make the recital that a sale was actually held conclusive. For this reason the appellant offered to prove that no sale was had. The language of the deed of trust is not ambiguous. A matter or fact with reference to the regularity or validity of the sale would clearly embrace the fact of sale, and the recital in the trustees' deed that the property was "sold" at the time and place noticed will estop the claim that no sale was in fact made. (*Leonard* v. *Bank of America etc. Assn.*, 16 Cal. App. 341, 345 [60 Pac. (2d) 325]; *Central Nat. Bank* v. *Bell*, 5 Cal. (2d) 324, 327 [54 Pac. (2d) 1107]; *Cobb* v. *California Bank*, 6 Cal. (2d) 389 [57 Pac. (2d) 924].)

■ Appellant complains of the ruling of the trial court refusing its offer in evidence of the record in a prior suit for unlawful detainer. It insists that this judgment is *res judicata* against respondent, but the claim is untenable. The former action was brought to recover possession of some 6,400 acres of land after foreclosure and sale under the deed of trust. This proceeding was brought against the appellant and its individual stockholders. By their answer all these defendants admitted the allegations of the complaint relating to the foreclosure and sale under the deed of trust, but

set up, as a special defense, the execution of an oral seven-year lease to a portion of the premises given by the bank to the appellant corporation and to the individual stockholders. This was the issue tried and determined *in that action* and the judgment for the defendants in that action sustained the plea of an oral lease and nothing more, since the defendants therein did not claim ownership of any of the property involved. In fact by pleading lawful possession under the oral lease from the plaintiff therein the defendants confessed ownership in the lessor under whom they held. Their argument now is, in effect, that their former plea was a false plea and that they formerly held as owners because of irregularities in the foreclosure proceedings. It seems to be settled law that, in a suit in unlawful detainer, the sole question at issue is the right of present possession and that questions of title cannot be litigated therein. (*Martin* v. *Bartmus,* 189 Cal. 87, 91 [207 Pac. 550].) But, if the question of the regularity of the foreclosure proceedings was one necessary to be determined as incidental to the issue of plaintiff's present right to possession it was one which the defendants chose not to raise when they admitted the pleadings of the complaint adverse to them. They cannot now claim that the judgment is *res judicata* as having determined in their favor an issue which by their pleadings at that time they consented should be determined against them.

The appellant next complains of the order of the trial court denying admission in evidence of what is called the second unlawful detainer case. This action was commenced in July, 1933, to recover possession of the 600-acre "Home Place" on the theory that the tenancy of defendants under the oral lease had terminated. By its answer the appellant corporation reversed its position of the former case and denied that it was a party to the oral lease, but alleged that such lease had been given to the stockholders as individuals. A judgment for plaintiff in that case was reversed upon the ground that the judgment in the former unlawful detainer case was *res judicata.* (*Bank of America* v. *McLaughlin,* 22 Cal. App. (2d) 411 [71 Pac. (2d) 291, 72 Pac. (2d) 554].) After the seven-year period of the lease had expired, the bank commenced another unlawful detainer action against the individual stockholders, in which they took a position adverse to that of the corporation pleading that they were

not in possession but that possession was held by the corporation alone. The offer of this second unlawful detainer judgment as *res judicata* of the issues in the present trial was properly refused. It held nothing more than that the first judgment was binding upon it. But we have seen that the first action did not involve any of the proceedings now being tried. As in the first proceeding the issue of the validity of the foreclosure and sale was voluntarily withdrawn by the defendants it cannot be said that the second proceeding, which held nothing more than that the plaintiff was bound by the prior determination on the issue of the oral lease, was determinative of any phase of the issues here involved. (*Bekins* v. *Trull*, 69 Cal. App. 40, 44 [230 Pac. 24]; *Martin* v. *Bartmus*, 189 Cal. 87, 91 [207 Pac. 550].)

■ Appellant next complains of the order overruling its demurrer to the complaint. The particular allegation criticized is: "Pursuant to a power of sale contained in said deed of trust, and in accordance with section 2924 of the Civil Code of the State of California, said property was sold on the 28th day of March, 1932, to . . . the plaintiff herein." Appellant's argument is that this is a pleading of conclusions of law. We had occasion to pass upon the same question in *Ley* v. *Babcock*, 118 Cal. App. 525, where, on page 527 [5 Pac. (2d) 620], we said: "The first point raised on the appeal is that the demurrer to the amended complaint should have been sustained because the allegation that the trustee 'after due notice of the time and place of sale given in accordance with the terms and provisions of said deed of trust and in full compliance with the provisions of section 692 of the Code of Civil Procedure . . . did . . . sell', etc., is a mere conclusion of law. The point is without merit. The action is one for a deficiency judgment on promissory notes in which it would have been sufficient to have alleged that a sale had been had and that but $400 was received. Furthermore the form of pleading is expressly authorized by section 459 of the Code of Civil Procedure, where it is declared that it is sufficient to plead that the party duly performed all the conditions on his part required by the statute on which he depends."

We heretofore referred to a slight disagreement of appellant with respondent's statement of facts. This disagreement goes to the statement reading: "The appellant in its

636

answer in the first unlawful detainer action admitted the regularity of the foreclosure proceedings and the validity of the foreclosure sale.'' Appellant does not deny the truth of the statement of fact, but contends that since these allegations were conclusions they did not require denial. In this appellant is in error. The allegation that the plaintiff was the purchaser at the trustees' sale was an allegation of fact which was not denied. The allegations covering the foreclosure proceedings and sale were not all conclusions and were supported by the presumptions of the trustees' deed that all these were regular and valid. The matter is heretofore referred to, however, merely to show that all these allegations were admitted and that the judgment did not in any way rest upon a determination of the regularity of such proceedings.

We find no prejudicial error. The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court, November 7, 1940.