**BAKER & TAYLOR DRILLING CO.,**
**Appellant,**

v.

**J. D. AMEND, Appellee.**

**No. 7899.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 3, 1969.

Rehearing Denied March 3, 1969.

Underwood, Wilson, Sutton, Heare & Berry and E. T. Manning, Jr., Amarillo, for appellant.

Simpson, Adkins, Fullingim & Hankins and Jewett E. Huff, Amarillo, for appellee.

JOY, Justice.

This is an action brought for monies claimed due under the terms of a contract for drilling entered into between Baker & Taylor as drilling contractors and Amend as operator. The case was tried to a jury and from an adverse judgment plaintiff Baker & Taylor has appealed.

In 1962, Amend was dealing in oil and gas leases and promoting the drilling of exploratory wells for oil and gas. Under date of August 24, 1962, Tri-State Petroleum, Inc., a California based company, through negotiations by Amend, entered into a written contract with Baker & Taylor for the drilling of an exploratory well on Sec. 54, Block 4T, T & NO RR. Co. Survey, Hansford County, Texas, known as the Nusbaum No. I Well. The contract provided for the payment of $60,000.00 upon reaching the contract depth of the well, with $30,000.00 to be placed in escrow, and the remaining sum due 30 days after completion of the drilling of the well. The usual and customary extra charges were provided for in the contract, for items such as drill stem tests, excess time for circulation, waiting on orders and completion costs. Said well was commenced on August 31, 1962, and completed as a dry hole on October 3, 1962, after certain attempts to complete as a producer failed. The initial required payment of $30,000.00 was made by Amend delivering a check ex-

ecuted by Tri-State as payor on September 21, 1962, or thereabouts, to Baker & Taylor. The check was first returned marked insufficient funds but was later cleared for payment.

On December 1, 1962, Baker & Taylor executed a drilling contract in writing for a well on Sec. 2, Block 1, H & GN Survey, Hansford County, Texas, and although not executed by Amend, he stipulated being a party to the contract and all its terms. This agreement called for payment by Amend of $58,000.00 upon reaching a specified drilling depth, said sum payable 30 days after completion, plus the usual and customary extra charges, stipulated as being $2,096.00 by both parties. This well was commenced December 2, 1962, and completed on December 22, 1962, as a producing gas well. Amend had an oral agreement with Tri-State that Tri-State would pay $60,000.00 for the drilling of said well to depth, and in consideration therefor Amend agreed to assign a ¾ working interest to Tri-State. This well was known as the Wilbanks Well.

Amend was further obligated by pay ¼ of the completion cost on the Nusbaum No. I Well, by oral agreement with Tri-State. Amend delivered two $5,000.00 checks to Baker & Taylor made out to Amend as payee and issued by Tri-State. These checks were delivered sometime in late October or early November, 1962. Baker & Taylor credited these two checks to the Nusbaum Well Account of Tri-State. Amend contended these two checks were for the extra charges on the Nusbaum Well, and that he so advised one of Baker & Taylor's employees at the time he delivered the checks. Amend had agreed to "see that the completion and extra charges were paid on the Nusbaum Well."

In December, 1962, the exact date deing in dispute, Tri-State mailed a check No. 00142 in the amount of $20,000.00 to Amend, made payable to Baker & Taylor and containing a direction thereon for application to the Wilbanks Well on Sec. 2.

Two additional checks in the amount of $20,000.00 each were received from Tri-State sometime in December, 1962, by Baker & Taylor with no specific instructions from Tri-State as to their application. Amend contends that he advised Baker & Taylor that all three checks were to be applied as payment on his account and for the drilling of the Wilbanks Well. Baker & Taylor claimed that no instructions for application were given in regard to the two $20,000.00 checks received without instructions, and that the checks were applied to Tri-State's account for the drilling of the Nusbaum Well, with the excess being applied to the Wilbanks Well Account of Amend. After the application of the funds to the two accounts, Baker & Taylor's records reflected a balance due of some $25,871.63 on the Wilbanks Well Account, and the Nusbaum Well Account as having been paid in full. Amend contended that he had advised Baker & Taylor through conversations with one Roy Bulls, Baker & Taylor's drilling superintendent, to advise him when the three $20,000.00 checks had arrived since he was unable to carry the well himself and he wanted to sell the interest to someone else in the event that Tri-State did not pay in accordance with his agreement with Tri-State. Baker & Taylor's employee admitted that he had had some kind of conversation with Amend in regard to Tri-State's interest. Baker & Taylor did not notify Amend of any balance claimed due on the Wilbanks Well until May, 1963.

Bankruptcy proceedings were begun in June, 1963, against Tri-State in the California Federal Court. Amend voluntarily submitted to that jurisdiction upon the contention of Tri-State of an interest in the Wilbanks Well. Baker & Taylor, who had filed a lien against the Wilbanks Well for the balance claimed due, answered in the California bankruptcy court claiming that said court had no jurisdiction over the matter. However, a special master was appointed and the claims were determined in the hearing or hearings before the spe-

cial master and Baker & Taylor was found to be estopped in their claim against Amend for failing to notify Amend of their application of the proceeds in such a way as to leave a balance due and owing by Amend on the Wilbanks Account. Further, the U. S. District Court continued an injunction against Baker & Taylor, theretofore issued by the trustee in bankruptcy, restraining Baker & Taylor from pursuing Amend in any court pending the bankruptcy proceedings. Baker & Taylor appealed from said order to the U. S. Court of Appeals for the 9th Circuit. The U. S. appellate court affirmed the District Court action in the matter of findings of estoppel as against Baker & Taylor, but dissolved the injunction granted therein.

Baker & Taylor filed suit in the state District Court against Amend for the monies claimed due on the Wilbanks Well. Amend filed motions for summary judgment and instructed verdict contending that Baker & Taylor were estopped by reason of the action had in the California Federal Court, and that the action in the Federal Court was res judicata. The trial court overruled defendant Amend's motions and the case was submitted to the jury on special issues. The issues were answered favorably for the defendant Amend. From judgment rendered for defendant Amend, plaintiff Baker & Taylor has perfected this appeal.

In view of our holding in this case, appellee's counterpoint of error will be taken up first. We are of the opinion that the trial court should have sustained Amend's motion for an instructed verdict for the reason that the parties hereto were parties to the action in the Federal Court along with the identical issues involved herein. Appellant contends that (1) res judicata and collateral estoppel must be founded upon a judgment as distinguished from fact findings and (2) that any judgment relied upon must be issued by a court of competent jurisdiction. Appellant cites as authority for point one, Rios v. Davis, 373 S.W.2d 386 (Tex.Civ.App., 1963, ref.).

We think the case is distinguishable upon the facts. In that case, Davis was being sued by Rios for damages sustained in an automobile accident. Prior thereto, Popular Dry Goods Co. had brought suit against Davis in the County Court at Law seeking damages to its truck sustained in the same collision made the basis for the Rios v. Davis suit. In the County Court at Law case, Davis impleaded Rios as a third party defendant and sought to recover $248.50 from Rios. The jury found negligence and proximate cause against all three parties, i.e., Popular, Davis and Rios, and Popular was denied recovery against Davis, and Davis was denied recovery against Rios. The Court of Civil Appeals in reversing the trial court's action sustaining Davis' plea of res judicata, stated at page 387:

"The sole basis for the judgment in the County Court at Law as between Rios and Davis was the findings concerning negligence of Davis. The finding that Rios was negligent was not essential or material to the judgment and the judgment was not based thereon. On the contrary, the finding in the County Court at Law case that Rios was negligent proximately causing the accident would, if it had been controlling, [have] led to a different result. Since the judgment was in favor of Rios he had no right or opportunity to complain of or to appeal from the finding that he was guilty of such negligence even if such finding had been without any support whatever in the evidence. The right of appeal is from a judgment and not from a finding."

The determination of Baker & Taylor's claim in the bankruptcy court was a very necessary and essential element as between Tri-State (the debtor), Baker & Taylor and Amend. Upon this determination depended the final outcome of Tri-State's claim to the ¾ interest in the Wilbanks Well. The findings of the special master, adopted by the U. S. District Court, Southern District of California, Central Division, by order dated February 15, 1965, re-

flect that all issues submitted in the trial court below were submitted and determined in the California court. Judgment in that case was *against* Baker & Taylor's claim and found that the Wilbanks Well Account had been paid for by Tri-State through its agreement with Amend. Further, the findings of fact and conclusions of law set forth the elements of estoppel as against Baker & Taylor in their claim against Amend. Baker & Taylor had a right to appeal the judgment or order of the U. S. District Court, and in fact did so by perfecting their appeal to the U. S. Court of Appeals for the 9th Circuit. See Baker & Taylor Drilling Co. v. R. W. Stafford, Trustee, 369 F.2d 551. For the sake of brevity the order or judgment will not be repeated herein, except for certain pertinent parts. On page 555 the appellate court states:

"Appellant also objects to the finding below that Baker & Taylor is estopped to deny that it has been paid the drilling costs of the Wilbanks well. This court has carefully examined the transcript and the exhibits, and cannot say that the finding complained of was clearly erroneous. There was ample evidence from which the court could conclude, as it did, that Baker & Taylor deliberately misled Amend into believing that the drilling costs of the Wilbanks well had been fully paid; and further, that Amend and Tri-State suffered detriment from being thus misled."

On page 556, the appellate court further states:

"If Baker & Taylor were to file suit against Amend in this connection in a state court, it seems highly unlikely that the state court would ignore the fact that Amend and Baker & Taylor had been *parties* (emphasis added) to this proceeding in which virtually the same issues had been litigated."

Baker & Taylor and Amend were *parties* in that proceeding, the same as in this case.

In 50 C.J.S. Judgments § 656, page 100, it is stated:

"A former judgment is conclusive in a subsequent action between the same parties or their privies as to all demands, claims, or titles put in issue and adjudicated in the first suit, except those which are immaterial. The general rule applies although the second suit has a different object, or seeks damages for a longer period than the first, or, although not technically for the same cause as the first action, is so related to it that *some matter essential to recovery in the second action was determined in the first*." (Emphasis added)

■ The defense of estoppel to Baker & Taylor's claim was put forth in the prior case by Amend and Tri-State, and the claim of Baker & Taylor along with the issue of estoppel were determined in favor of Amend and Tri-State. The same claim and defense of estoppel were pled in the state trial court below, therefore, the doctrine of res judicata or estoppel by judgment applies herein.

■ Appellant's second contention that the U. S. court had no jurisdiction cannot stand likewise. That issue was determined against Baker & Taylor both in the U. S. District Court and on appeal to the U. S. Court of Appeals for the 9th Circuit, Baker & Taylor v. Stafford, supra. "Where, however, the federal court has decided the question of its jurisdiction as a contested issue, a state court has no power, in the absence of allegations of fraud, to inquire again into such question." 50 C.J. S. Judgments § 901, page 538, citing Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; and Bank of America National Trust & Savings Assoc. v. McLaughlin Land & Livestock Co., 40 Cal.App.2d 620, 105 P.2d 607 (cert. denied). In view of the fact that Baker & Taylor contested the jurisdiction of the U. S. District Court and the court decided that it did have jurisdiction, that decision stands and cannot be collaterally attacked in the absence of a

showing of fraud. There being no allegation or evidence of fraud herein, the lower court had no power to inquire into the matter of jurisdiction of the Federal Court.

In view of our holding that appellee's motion for an instructed verdict should have been sustained, it is unnecessary to decide the points of error raised by appellant pertaining to the issues submitted by the trial court to the jury. The judgment of the trial court is affirmed for the reasons herein above stated.