Vasil M. MARKOFF,
Plaintiff-Appellant,

v.

NEW YORK LIFE INSURANCE COMPANY, Defendant-Appellee.

No. 74–1946.

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1976.

---

Daniel Markoff (argued), Asst. Federal Public Defender, Las Vegas, Nev., for plaintiff-appellant.

Gregg W. Zive (argued), Reno, Nev., for defendant-appellee.

## OPINION

Before WRIGHT and GOODWIN, Circuit Judges, and CARR,* Senior District Judge.

CARR, Senior District Judge.

Appellant Vasil M. Markoff appeals from a summary judgment rendered against him by the District Court for the District of Nevada. Appellant brought this action based upon two life insurance policies issued in 1963 by appellee New York Life Insurance Company. Appellant contended that he had been totally disabled and was therefore entitled to "waiver of premium" benefits pursuant to the two policies.

Prior to instituting this action, appellant filed an action in the Nevada state court for damages and amounts allegedly due under an income protection policy issued by appellee in 1963. After a trial, the court held for appellee based on findings that: (1) appellant had intentionally misrepresented and concealed his prior medical history, and (2) there was an absence of total disability such as to trigger New York Life's obligation to pay disability benefits. On review, the Nevada Supreme Court affirmed the trial court in *Markoff v. New York Life Insurance Company,* 88 Nev. 319, 497 P.2d 904 (1972), *cert. denied* 409 U.S. 1064, 93 S.Ct. 572, 34 L.Ed.2d 520 (1972), without specifically mentioning the trial court's finding on total disability. After stating that the trial court's finding of misrepresentation was "amply supported," the court stated that "other assigned errors are without substance." Id. at 320, 497 P.2d at 905.

In rendering summary judgment in favor of appellee, the district court determined that due to the findings in the prior litigation, appellant was collaterally estopped from raising the issue of total disability once again. Since jurisdiction in this case was based upon diversity of citizenship, the district court was obligated to apply Nevada law regarding the application of collateral estoppel. Noting that Nevada had not resolved the estoppel effect to be given to a decision reviewed by an appellate court, the district court judge adopted the California position. That view is that even if the appellate court refrains from considering one of the grounds upon which the decision below rests, an affirmance of the decision below extends legal effects to the whole of the lower court's determination, with attendant collateral estoppel effect. *Bank of America v. McLaughlin Land and Livestock Co.,* 40 Cal.App.2d 620, 105 P.2d 607 (1940), *cert. denied* 313 U.S. 571, 61 S.Ct. 958, 85 L.Ed. 1529 (1941). We believe that this is a sound application of the doctrine of collateral estoppel.

All other issues raised by appellant are without merit.

The judgment of the district court is affirmed.

---

* Honorable Charles H. Carr, Senior United States District Judge for the Central District of California, sitting by designation.