139 F.3d 904
 81 A.F.T.R.2d 98-1095, 98-1 USTC P 50,243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louie ELIAS, Plaintiff-Appellant,
v.
United States of America, Defendant-Appellee.
 No. 95-55097.
D.C. No. CV-91-05227-RG.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Central District of California Richard A. Gadbois, Jr., District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Louie N. Elias appeals pro se the district court's grant of summary judgment, after remand from this court, in favor of the United States in his action under 26 U.S.C. § 7433, seeking damages for unauthorized tax collection activities.
 
 
 3
 Elias contends that the district court erred by determining that the doctrine of collateral estoppel barred his claim that the Internal Revenue Service's ("IRS") collection activities were unlawful because the IRS failed to issue notices of intent to levy. We disagree.
 
 
 4
 Whether collateral estoppel is available is a mixed question of law and fact subject to de novo review. See Plaine v. McCabe, 797 F.2d 713, 718 (9th Cir.1986). Once the availability of collateral estoppel is determined, a district court's decision to apply collateral estoppel is reviewed for abuse of discretion. See id. Under the federal standard, to foreclose relitigation of an issue under collateral estoppel, three elements must be met: (1) the issue at stake must be identical to the one alleged in the prior action; (2) the issue must have been actually litigated; and (3) the determination of the issue in the prior litigation must have been a necessary part of the judgment in the prior action. See Trevino v. Gates, 99 F.3d 911, 923 (9th Cir.1996), cert. denied, 117 S.Ct. 1249 (1997).
 
 
 5
 In a previous action, Elias v. United States, No. CV90-0432, 1990 WL 264722, * 7 (C.D.Cal. Dec. 21, 1990), Elias argued that the IRS, in the course of levying against his income for deficiencies arising from 1974 to 1990, improperly disclosed his tax information to third parties. He alleged that the disclosures were improper because he had not received notice of the IRS' actions to collect his unpaid tax for those years. Because the district court found that Elias had received the notices of intent to levy for tax years 1974-1990, Elias is collaterally estopped from arguing, in the instant case, that he did not receive notices of intent to levy for tax years 1974 through 1979, for tax years 1981 through 1983, and for tax years 1985 through 1986. See Trevino, 99 F.3d at 923. Accordingly, the district court did not err by determining that this claim is barred by collateral estoppel. See Markoff v. New York Life Ins. Co., 530 F.2d 841, 842 (9th Cir.1976).
 
 
 6
 Elias contends that the IRS violated 26 U.S.C. § 6331(b) and (c) by failing to issue successive levies on residual payments made to the Screen Actors Guild. Elias is collaterally estopped from making this argument because this issue has already been decided in Elias v. United States, No. CV91-2692, 1992 WL 465749, * 6 (C.D.Cal. Nov.6, 1992). See Trevino, 99 F.3d at 923. Accordingly, the district court did not err by determining that this claim is barred by collateral estoppel.
 
 
 7
 Elias also contends that the IRS improperly levied upon his film residual checks without having complied with the provisions of 26 U.S.C. § 6334(a)(9) and its Treasury regulations, which provide an exemption from levy for certain income. This issue has already been decided in Elias v. United States, No. CV91-2692, 1992 WL 465749, * 6 (C.D.Cal. Nov.6, 1992). See Trevino, 99 F.3d at 923. Accordingly, the district court did not err by determining that this claim is barred by collateral estoppel.
 
 
 8
 We reject Elias's remaining contentions.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3