## THE PEOPLE v. WALTER SKIDMORE, WALTER A. SKIDMORE, EGBERT VAN ALLEN, AND LOUIS DENOS.

FORMER JUDGMENT AS A BAR.—If the defendants demur to the complaint for misjoinder of parties defendant, as well as for other reasons, and at the same time answer, and the parties stipulate to submit the issues of law and fact to the Court upon the pleadings, and a general judgment is rendered for the defendants, it is a bar to another suit for the same cause of action, although the real ground upon which the judgment was based was the misjoinder of parties defendant.

EXPRESSION OF OPINION ON A POINT NOT BEFORE THE COURT.—If a judgment is rendered generally for the defendants upon issues of both law and fact, and the Supreme Court upon appeal affirm the judgment, a statement in the opinion that the judgment was affirmed because there was a misjoinder of parties defendant, and that the effect of the judgment will not preclude the plaintiff from suing again, does not prevent the judgment from being a bar to a new suit brought for the same cause of action.

JUDGMENT RENDERED ON DEMURRER AS A BAR. — If the defendants demur and answer at the same time, and issues of law and fact are submitted to the Court, and an order is made sustaining the demurrer by reason of a misjoinder of parties defendant, and judgment is rendered for the defendants upon the order, the judgment will not bar a new action.

APPEAL from the District Court, Seventh Judicial District, Marin County.

Plaintiff recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.

*John Reynolds*, and *S. F. Reynolds*, for Appellants.

The cause in the former case was fully tried upon its merits, and the judgment there is a perfect bar to this action, and is completely brought within the case of *Gray* v. *Dougherty*, 25 Cal. 266.

*Bradley Hall*, for Respondent.

*Patterson, Wallace & Stow*, also for Respondent.

The parties are not identical. Daniel T. Taylor was a party to the first action; he is not a party to this. He was made a party for the sole purpose of obtaining equitable relief against him. Because he was made a party, his co-defendants demurred, and also because the relief sought against him was equitable, whilst that sought against the obligors was legal.

This Court say: "If the demurrer for misjoinder of causes of action had been sustained—that, and no more—and judgment had been entered for the defendants upon that order, and the plaintiff had appealed, and the judgment had been affirmed, there can be no pretense that the judgment would have barred a new action unaffected with a like misjoinder." The demurrer was not *withdrawn;* it was submitted to the *referee* for decision. The judgment as entered does not, we submit, purport to be rendered upon the *facts* found by the *referee*, for he *found none;* and *one* of the assignments of *error* was that judgment could not be entered by the Clerk without a finding of facts. The demurrer, then, was properly *before* the Court, and the Supreme Court properly considered it and passed upon it. It must be conceded that taking the opinion signed by the Judges, and not the Clerk's entry or conclusion of *what the judgment was*, as the law of the case and as the decision and judgment of the Court, and plaintiffs' right to bring a new action was not barred, the Judges certainly knew what they meant *and intended*, and they expressed *the judgment of the Court* to be that the demurrer was properly sustained; and the language, "We affirm the judgment upon the demurrer for this misjoinder," controls the subsequent words, "judgment is affirmed," and leaves the balance of the decision

operative—that the affirmance shall not preclude an action upon the recognizance.

The sustaining of the *demurrer* and affirming the judgment for a misjoinder of parties is not a *bar*, any more than an acquittal upon a defective indictment. (4 Cow. 44; 2 Hawk, C. 55; 1 Bulstrode, 142; 2 Hale's Pleas, 248; *People* v. *Barrett*, 1 John. 66; 13 John. 351.)

By the Court, SHAFTER, J.

This is an action upon a recognizance entered into by the defendants to secure the appearance, etc., of W. Skidmore to answer to a charge of murder.

The answer of the defendants denies many of the allegations of the complaint, and sets up a judgment in a former suit as a bar to the action.

The record of the proceedings in the former suit is made part of the transcript by stipulation, and it appears, on comparing the two records, that the actions are identical in subject matter and parties. The only question, therefore, having any connection with the special defense, is whether the judgment in the former action was based upon the merits.

In the complaint in the first suit there was a prayer for equitable relief against D. T. Taylor, trustee in an express trust created by Skidmore for the protection of his sureties against their liability upon the recognizance, and the trustee was to that intent made a party defendant.

The defendants in the first suit demurred to the complaint on the ground of ambiguity, misjoinder of causes of action and parties defendant, and for want of facts sufficient to constitute a cause of action, and they also answered the complaint. Thereafter, on stipulation of parties, an order was entered referring the case to Charles Halsey " to try all the issues of law and fact therein and to report a judgment thereon."

The parties in due time appeared before the referee, and in the first place, as appears by the record, drew up and submitted to him a categorical statement of the matters charged

37

in the complaint and admitted by the answer; which list embraced most, if not all, the substantive allegations in the complaint.

The plaintiff thereupon moved that the demurrer be overruled, which motion was denied and the plaintiff excepted.

The plaintiff then moved for judgment against the conusors, upon the pleadings and "admissions of facts as aforesaid in the action at law;" which motion was also denied and the plaintiff excepted.

The plaintiff then "moved for the equitable relief and decree asked for in the complaint, against all the defendants, upon said facts proved and the admissions in the pleadings, which motion was then and there denied by the referee, and the plaintiff duly excepted."

The record thereafter proceeds as follows: "And the issues of law and fact raised by the pleadings were submitted to the referee upon the pleadings for his decision, and to report a judgment thereon in the case.

"On the 2d day of July, 1860, the referee filed his report, which is attached to the judgment, finding no facts, but finding as conclusions of law from the facts shown by the pleadings, that defendants are entitled to judgment against the plaintiff, to which decision plaintiff duly excepted.

"On the same day of July, 1860, the Clerk of said Court of Marin, without any order of Court, entered up judgment in favor of the defendants and against plaintiff for costs, the Court then being in session; to which decision and judgment the plaintiff duly excepted."

All the foregoing passages occur in the plaintiff's statement on motion for new trial, and on appeal, in the first action. The statement closes with the following assignment of errors:

The plaintiff, on the motion for a new trial, assigns and will rely upon the following grounds of error:

1. Error of the referee in not overruling defendants' demurrer.

2. Error of the referee in not granting plaintiff's motion for judgment in the action at law.

3. Error of the referee in not granting plaintiff's motion for judgment in the equity case or cause of action.

4. Error of the referee in deciding as conclusions of law that defendants were entitled to judgment against plaintiff.

5. That the judgment entered in the report of the referee is against law and evidence.

6. That the Clerk of the Court erred in entering judgment without a finding of facts by the referee.

The following is the report of the referee:

*The People of the State of California,* plaintiff, v. *Walter Skidmore, Walter A. Skidmore, Egbert Van Allen, and Louis Denos.* State of California, in the District Court for the Seventh Judicial District, in and for the County of Marin.—The undersigned, to whom this action was referred to try the issues therein and report a judgment thereon, does report that the said action was submitted by the attorneys for the respective parties thereto upon the pleadings in the same. And *from the facts therein stated* I do find as a conclusion of law, that the said plaintiff is not entitled to recover, and I do report a judgment upon the *issues* in said action in favor of the said defendants against the said plaintiff.

July 2, 1860.          CHARLES HALSEY, Referee, etc.

Upon that report the following judgment was rendered:

*The People of the State of California,* plaintiff, v. *Walter Skidmore, Walter A. Skidmore, Egbert Van Allen, Louis Denos* and *Daniel T. Taylor.* In the District Court of the Seventh Judicial District of the State of California, in and for the County of Marin.—The above entitled action having been heretofore, by consent of the parties thereto, duly referred to Charles Halsey to try all the issues of law and fact therein and report a judgment thereon, and the said referee having duly made and filed his report thereon, wherein and whereby

he has found and reported a judgment in favor of the said defendants, therefore it is now ordered, adjudged and decreed by the Court that the said defendants herein do have and recover a judgment against said plaintiff; that they, the said defendants, be hence dismissed without day, and the said plaintiff take nothing by this said action. And it is ordered and adjudged that the defendants do have and recover their costs and disbursements, amounting to one hundred and two dollars and twenty-five cents.

The motion for new trial having been denied, the plaintiff brought the case to the Supreme Court by appeal.

The Court in the opinion say:

We affirm the judgment upon the demurrer for this misjoinder. The effect of the judgment will not be to preclude the plaintiff from suing again when the cause of action can be more formally set out.

Judgment is affirmed.

1. The judgment below was not reversed, either in whole or in part, by the Supreme Court, nor was it modified in any particular; and it follows, if the Court dealt with the judgment at all, it must have affirmed it to the whole extent of its terms. But the nature and scope of the Court's final action is clearly indicated by the words "judgment affirmed," as they occur in the published report of the case. (17 Cal. 261.) We have examined the record, now remaining in this Court, and find an unqualified entry to the effect that the judgment was affirmed.

The Court, in examining the judgment in connection with the errors assigned, found that there was at least one ground upon which the judgment could be justified, and therefore very properly refrained from considering it in connection with the other errors. But the affirmance, still, was an affirmance to the whole extent of the legal effect of the judgment at the time when it was entered in the Court below. The Supreme Court found no error in the record, and therefore not only

allowed it to stand, but affirmed it as an entirety, and by direct expression.

If the demurrer for misjoinder of causes had been sustained—that, and no more—and judgment had been entered for the defendants upon that order, and the plaintiff had appealed, and the judgment had been affirmed, there can be no pretense that the judgment would have barred a new action, unaffected with a like misjoinder; and hence if the judgment below was in fact based solely upon an ascertained misjoinder of causes of action or of parties, or upon ambiguity in the complaint, or upon all of them combined, or upon any other matter not involving the very merits of the plaintiff's claim, a new action, free from these dilatory infirmities, might have been brought to enforce it. The remark made by the Court in the opinion as to the effect of its own non-reversal, and expressed affirmance of the judgment, was not upon a point then before it in error, and therefore, though eminently entitled to consideration, cannot be considered as *res judicata*, nor even as authority in the exact sense.

2. Assuming, then, that the judgment rendered in the first action is now as it was in the beginning, the question is narrowed to a single point of inquiry: Was the former judgment upon the merits of the claim?

The judgment, howsoever comprehensive in its terms, must be read in the light of the whole judgment roll.

It appears that the issues of law raised by the demurrer, and the questions of fact raised by the answer, were by the stipulation of the parties sent to the referee; that the plaintiff at the hearing, having in the first place agreed with the defendants upon a statement of the facts bearing upon the merits, moved that the demurrer should be overruled. The motion was denied, and, as we presume, upon the ground that it would be irregular to pass upon the merits of a demurrer on motion to overrule it.

The subsequent motion for judgment on the facts, as shown by the pleadings and agreed statement, was also overruled; and as, in one point of view, the motion was a proper one, the

ruling upon it may be considered as having been in itself a disposition of the case upon the merits. But however that may be, it would seem that the parties, after running the issues of law and fact one after another through the gauntlet of these motions, concluded to begin, and did in fact begin *de novo;* for immediately thereafter the issues of *law* and *fact* were submitted to the referee upon the pleadings for his *decision* and to report a *judgment thereon in the case.*

How did the referee act upon the matters of thought and judgment so committed to him? The answer to this question is to be found in the report.

The report commences with a recital, to the effect that the case was submitted by the attorneys of the respective parties upon the pleadings; and, "*from the facts therein stated,*" it finds, as a conclusion of law, that the plaintiff is not entitled to recover, and reports a general judgment in favor of the defendants against the plaintiff.

In view of this sweeping report and the matters that immediately preceded it, we are not at liberty to hold that the general judgment entered upon "the report," in terms, was not entered upon it, and the whole of it, in legal effect. Going by the record, it appears affirmatively that the judgment was based upon the merits of the claim, and not upon the dilatory matters raised by the demurrer nor any other mere technical defect. It may be conceded that the proceedings before the referee were irregular, as they were in some particulars; and it may further be assumed that the judgment was erroneous in view of the facts agreed upon; still, the judgment has never been reversed nor modified, and therefore its efficacy as a bar to this action is impaired neither by the irregularity nor the error.

We have further considered the plaintiff's claim upon its original merits, and our convictions, upon a somewhat hurried consideration of the defendants' objections, are in favor of the claim. But this action is to be decided upon the present legal merits of the claim, and we consider that it is barred by the former judgment.

In the case of *Phelan* v. *Supervisors of San Francisco*, 9 Cal. 15, cited for the respondents, the judgment was distinctly upon the demurrer, and the Court, reversing and not affirming the judgment, as here, held that the plaintiff could amend his complaint on application to the Court below. The point decided in that case is not the point presented here, and the distinction is so manifest that a formal statement of it is unnecessary.

Judgment reversed and new trial ordered.