[No. C049385. Third Dist. Apr. 17, 2006.]

ADRIANNE PITTS, Plaintiff and Appellant, v.
CITY OF SACRAMENTO et al., Defendants and Respondents.

## COUNSEL

Mastagni, Holstedt, Ameck, Miller, Johnsen & Uhrhammer, Amanda Uhrhammer and David J. Garcia for Plaintiff and Appellant.

Samuel L. Jackson, City Attorney, and Matthew D. Ruyak, Deputy City Attorney, for Defendants and Respondents.

## OPINION

**DAVIS, Acting P. J.**—After a hearing officer ruled in December 2002 that she was ineligible for disability retirement, plaintiff Adrianne Pitts requested a return to active status as a police officer (from which she had been on leave without pay since August 2000). When defendants[1] informed her in February 2003 that she would need to satisfy several conditions as part of her return to active status, she refused. Instead, she filed a petition for a writ of traditional mandamus directing defendants to return her to active status unconditionally. In July 2004, the trial court issued a judgment that denied the petition. We recently affirmed the judgment. (*Pitts v. Najera* (Dec. 5, 2005, C047833) [nonpub. opn.].)[2]

After the hearing on the petition for writ of mandate, plaintiff's attorney immediately sent a letter to defendant City of Sacramento asserting that she agreed to the terms of the city's offer of February 2003. Defendant Najera notified plaintiff that her refusal to accept the conditions in the February 2003 offer until that time amounted to a failure to return to work. He cited a line from the July 2004 judgment in which the court had asserted, "When [plaintiff] refused to report to work as instructed, [defendants] had no further duty toward returning her [to] employment." He thus denied her request for reinstatement.

Plaintiff then filed the present petition for a writ of traditional mandamus directing defendants to reinstate her as an employee. Defendants answered and filed a "demurrer" to the petition on the ground of another action pending between the parties. (Code Civ. Proc., §§ 430.10, subd. (c), 1089, 1109.)[3] The trial court concluded that the prior writ proceeding involved the same primary right as the present action and thus sustained the demurrer without leave to amend.

---

[1] Defendants and respondents in this appeal include the City of Sacramento, the Sacramento Police Department, and its chief, Albert Najera.

[2] We grant plaintiff's motion to take judicial notice of the judgment and our previous opinion affirming it. We deny the rest of plaintiff's motion for judicial notice, and also deny her motion to augment the present record, as superfluous.

[3] Code of Civil Procedure section 1089 uses the term "demurrer" in the context of a motion filed in conjunction with an answer, though in that circumstance it is more properly called a motion on the pleadings.

We conclude the trial court took too liberal a view of the primary right involved. We shall reverse the judgment and remand for consideration of the merits of her petition.

## DISCUSSION

■ A single cause of action cannot be the basis for more than one lawsuit. (4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 35, p. 95.) A demurrer raising this objection to a second action between the same parties "is strictly limited so that . . . the defendant must show that the parties, cause of action, and issues are identical, and that *the same evidence* would support the judgment in each case." (5 Witkin, *supra*, Pleading, § 924, p. 383, italics added.)

■ In the highly abstract formulation for what constitutes a single cause of action (endlessly iterated verbatim because, perhaps, no one really understands it [see 4 Witkin, *supra*, Pleading, § 25, pp. 86–87]), the analysis focuses on identifying a primary right of the plaintiff and the defendant's breach of a corresponding primary duty. (*Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1145 [95 Cal.Rptr.2d 701, 998 P.2d 403].)

■ Defendants and the trial court have broadly stated that the primary right involved is plaintiff's return to service in the city's police department. However, the two petitions involve different underlying evidentiary foci, and thus the reciprocal duty breached in each is different. (*Verdier v. Verdier* (1962) 203 Cal.App.2d 724, 738 [22 Cal.Rptr. 93] [primary right distinct from ultimate remedy, thus "divorce" may be remedy for a number of different underlying facts invading different rights].) As a result, the adverse ruling on the first petition does not preclude her from maintaining the second.

In our prior opinion, we held that defendants could impose any condition on her return to active status to the end of making their discretionary evaluation of her fitness for duty,[4] so long as these did not attempt to

---

[4] A public agency must enforce the criteria for peace officers in Government Code section 1031 at the time of hire, prior to a transfer between agencies, and also possibly when an employee changes positions within the same agency. (*County of Riverside v. Superior Court* (2002) 27 Cal.4th 793, 798, 806 [118 Cal.Rptr.2d 167, 42 P.3d 1034].) Moreover, peace officers must certify compliance with the criteria that the Commission on Peace Officer Standards and Training promulgates (see Stats. 1959, ch. 1823, pp. 4332–4335; Pen. Code, § 13500) both as a matter of continuing education and after a break in active status.

redetermine the binding ruling of the hearing officer[5] that plaintiff's shoulder injury was not disabling (or include an illicit requirement of a polygraph test; Gov. Code, § 3307). (*Pitts v. Najera, supra,* C047833.) While there was an indication in the sketchy record that at least a lower-level labor relations officer was impermissibly relying on the shoulder injury to assert that plaintiff was incapable of returning to active status, we held that plaintiff's concern about this, and the objection to the polygraph test, were premature because she had yet to accept the February 2003 offer; our sole focus in deciding the propriety of *that* petition for mandamus was the extent of defendants' ministerial duty in making that offer following the rejection of her disability retirement application. (*Pitts v. Najera, supra,* C047833.) Thus, the primary right at issue was the nature of the conditions defendants could properly impose on the offer extended to her. Once we concluded that plaintiff could not demand an unconditional reinstatement to active status, there was nothing further to decide under the prior petition. She had not sought reinstatement to active status *in compliance with* defendants' conditions; otherwise, there would have been no purpose to her appeal. Her response (or lack thereof) to the conditional offer was therefore immaterial to the previous petition.

In the present case, by contrast, the primary right involved is the duty, if any, of defendants to respond to plaintiff's belated acceptance of the February 2003 offer after litigation over its legality. This relies on acts (her acceptance and the police chief's rejection) postdating the ruling in the prior case. With different duties at issue and different evidence involved, the trial court erred as a result in sustaining a demurrer on the basis of a plea in abatement.[6]

Defendants cite *Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854 [21 Cal.Rptr.2d 691, 855 P.2d 1263]. The case is not apposite because it indisputably involved only a single right on the part of the plaintiff (to collect a debt), and a breach of the duty to collect that debt through the negligent failure of the defendant attorneys to pursue either of two remedies. (*Id.* at p. 860.) In the present case, defendants had the separate duties of offering to return plaintiff to active status after the denial of her

---

[5] Plaintiff did not seek judicial review of the ruling, instead requesting reinstatement to active status. (*Pitts v. Najera, supra,* C047833.)

[6] As the prior judgment was still pending on appeal, the doctrine of claim preclusion was not available. (7 Witkin, *supra,* Judgment, § 307, p. 857.)

disability retirement (which they did not breach), and the alleged duty to give effect to her belated acceptance of their February 2003 offer (which they may or may not have breached).

Nor, for that matter, is any species of issue preclusion fatal to the present action. The trial court in its present ruling (and defendant Najera in his rejection of plaintiff's acceptance of the February 2003 offer) purported to rely on the conclusion in the prior judgment that plaintiff's failure to respond with an unqualified acceptance of the offer resulted in her voluntary separation from defendants' employ and thus released defendants from any further duty to her. Not only was that finding without preclusive effect during the pendency of plaintiff's appeal from it (*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising* (2000) 85 Cal.App.4th 1168, 1174 [102 Cal.Rptr.2d 770]), it was not essential to the judgment and therefore not entitled to preclusive effect after we affirmed the judgment on a different basis. (7 Witkin, *supra*, Judgment, § 370, p. 941; Rest.2d Judgments, § 27.)[7] As we stated above, the focus of the prior mandamus proceeding was the extent of defendants' duty following a rejection of a disability application; once the trial court concluded that the February 2003 offer satisfied that duty, its task in determining whether mandamus would lie was at an end. Its conclusion that plaintiff's action *also* extinguished any further duty was therefore mere surplusage.

It may be that plaintiff ultimately is not entitled to judgment in her favor. But she is entitled to a judgment on the merits of her claims based on an exploration of all the pertinent facts.

---

[7] We thus need not resolve whether the scholarly opinion in *Butcher v. Truck Ins. Exchange* (2000) 77 Cal.App.4th 1442, 1455–1456, 1458, 1460 [92 Cal.Rptr.2d 521], was correct that issue preclusion in California is limited to the grounds in the appellate opinion and does not extend to grounds in the trial court judgment not reached on appeal. (Accord, Rest.2d Judgments, § 27, com. o, p. 263; but see *Martin v. Martin* (1970) 2 Cal.3d 752, 762–763 [87 Cal.Rptr. 526, 470 P.2d 662] [declining to decide issue]; *DiRuzza v. County of Tehama* (9th Cir. 2003) 323 F.3d 1147, 1156 [holding that *People v. Skidmore* (1865) 27 Cal. 287 compels the contrary conclusion under California law].)

### DISPOSITION

The motion to augment the record is denied, and the motion to take judicial notice is granted in part (see fn. 2, *ante*). The judgment is reversed. Plaintiff shall recover costs of her appeal.

Nicholson, J., and Morrison, J., concurred.