Filed 2/15/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RANA SAMARA, | B265752 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC056720) |
| v. | |
| HAITHAM MATAR, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William D. Stewart, Judge.   Reversed and remanded.

Curd Galindo & Smith, Alexis Galindo for Plaintiff and Appellant.

Ford, Walker, Haggerty & Behar, Katherine M. Harwood and Neil S. Tardiff for Defendant and Respondent.

————————————

Rana Samara sued Dr. Haitham Matar and Dr. Stephen Nahigian for dental malpractice, alleging Dr. Nahigian had negligently performed oral surgery on her and Dr. Matar, as Dr. Nahigian's principal and employer, was vicariously liable for Dr. Nahigian's negligence.  The trial court granted summary judgment for Dr. Nahigian on alternative grounds—Samara's negligence claim was barred by the statute of limitations and Samara could not establish causation.  We affirmed the judgment in favor of Dr. Nahigian based solely on the statute of limitations, expressly declining to reach the issue of causation.  (See *Samara v. Estate of Stephen Nahigian D.D.S.* (Nov. 10, 2014, B248553) [nonpub. opn.] (*Samara I*).)

Following our decision in favor of Dr. Nahigian, Dr. Matar moved for summary judgment, arguing the question of Dr. Nahigian's liability had been conclusively determined in Dr. Nahigian's favor (issue preclusion) and Dr. Matar was thus entitled to judgment on Samara's vicarious liability claim as a matter of law.  Dr. Matar also asserted Samara could not establish that he had been independently negligent or that his own acts or omissions had caused her injury.

The trial court granted Dr. Matar's motion, concluding Samara's claim for vicarious liability was barred under the doctrine of claim preclusion—a ground not raised in Dr. Matar's motion—and Samara could not show Dr. Matar independently caused her any injury.  On appeal Samara contends neither claim preclusion nor issue preclusion applies in this case.  We agree and reverse the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *This Lawsuit*

On September 6, 2011 Samara sued Drs. Nahigian and Matar for professional negligence/dental malpractice. As to Dr. Nahigian, the operative first amended complaint alleged he had negligently inserted a dental implant while performing oral surgery on Samara on August 16, 2010. As a result of Dr. Nahigian's negligence, Samara suffered permanent nerve damage. As to Dr. Matar, Samara alleged Dr. Nahigian had performed the surgery while on probation by the California Dental Board and was working under a restricted dental license as an agent/employee of Dr. Matar. Samara asserted Dr. Matar, as Dr. Nahigian's principal/employer, was vicariously liable for Dr. Nahigian's negligence. She also alleged Dr. Matar was directly negligent in failing to inform her of Dr. Nahigian's probationary status and of the risks of surgery and for failing to conduct appropriate post-operative care and treatment. Samara sought damages from Drs. Matar and Nahigian in excess of $250,000.

2. *Dr. Nahigian's Motion for Summary Judgment*

Dr. Nahigian moved for summary judgment on three grounds: (1) Samara could not demonstrate his conduct fell below the standard of care; (2) she could not establish his allegedly deficient performance caused her nerve damage; and (3) Samara's action was time-barred. Dr. Nahigian submitted the declaration of Dr. Bach Le, an oral surgeon, who opined "to a reasonable degree of medical probability, that no negligent act or omission on the part of Dr. Nahigian caused or contributed to" Samara's injuries.

3

With her opposition to Dr. Nahigian's motion Samara submitted the declaration of Dr. Gregory Doumanian, who testified Dr. Nahigian had used an implant that was too large, conduct that fell below the standard of care. He also declared Samara's nerve injury "could have been prevented had Dr. Nahigian used a shorter implant or an alternative treatment plan."

The trial court granted Dr. Nahigian's motion, ruling Samara's action against Dr. Nahigian was time-barred under the one-year-from-discovery provision of Code of Civil Procedure section 340.5.[1] Alternatively, the court ruled Dr. Nahigian had met his burden to show Samara could not establish the essential element of causation. The court found Dr. Doumanian's opposition declaration did not state an opinion on causation to a "reasonable degree of medical probability" and, therefore, failed to raise a triable issue of material fact on that question. The court entered judgment in favor of Dr. Nahigian.

3. *Samara's Appeal from the Judgment in Favor of Dr. Nahigian*

On appeal from the judgment in favor of Dr. Nahigian, Samara conceded the trial court had correctly ruled her action

---

[1] Dr. Matar also moved for summary judgment contending Samara's negligence claims were barred by the statute of limitations. The court denied Dr. Matar's motion, concluding Samara's notice of intention to commence an action for professional negligence to Dr. Matar, unlike her earlier separate notice to Dr. Nahigian, extended the limitations period by 90 days, making the lawsuit against Dr. Matar timely. (See Code Civ. Proc., § 364, subds. (a), (d).) At Samara's request, following entry of judgment in favor of Dr. Nahigian, further proceedings in the action against Dr. Matar were stayed pending resolution of Samara's appeal from that judgment.

4

against Dr. Nahigian was time-barred. However, she requested we reverse the alternative ground on which the court had granted summary judgment—lack of causation—to preclude Dr. Matar from relying on that ruling in the action against him under the doctrine of collateral estoppel/issue preclusion. Dr. Nahigian did not file a respondent's brief. We affirmed the judgment, but expressly declined to reach the alternative ground of causation because it was not necessary to our decision. Citing case law that holds an affirmance on an alternative ground operates as collateral estoppel/issue preclusion only on the ground reached by the appellate court, we also noted, "Because the question is not before us, we also do not address whether collateral estoppel may be used with regard to an alternative ground for judgment not reviewed by the appellate court. (See generally *Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 86-88; *Newport Beach Country Club, Inc. v. Founding Members of Newport Beach Country Club* (2006) 140 Cal.App.4th 1120, 1132 [(*Newport Beach*)].)" (*Samara I, supra,* B248553.)

4. *Dr. Matar's Motion for Summary Judgment*

Following our decision in *Samara I,* Dr. Matar moved for summary judgment. Citing principles of collateral estoppel/issue preclusion, he argued Samara's unsuccessful action against Dr. Nahigian had conclusively established Dr. Nahigian's conduct did not cause Samara's injury, precluding her claim against him based on a theory of vicarious liability as a matter of law. With respect to the allegations of his own negligent conduct, Dr. Matar argued Samara could not prove he had acted below the standard of care or had caused any injury. Dr. Matar included with his motion the declaration of Dr. Barton Kubelka, a licensed dentist, who opined Dr. Matar's treatment plan both before and after the

5

surgery was appropriate and in accordance with the standard of care; he did not have a duty as a referring dentist to warn Samara of the risks of the dental implant procedure; and no negligent act or omission on Dr. Matar's part caused Samara any injury.

Samara opposed the motion, arguing collateral estoppel/issue preclusion did not apply because we had expressly declined in our decision affirming the judgment in favor of Dr. Nahigian to decide the alternative ground of causation. Samara also included a revised declaration from Dr. Doumanian, who opined Dr. Nahigian's use of the wrong-sized implant during surgery was below the standard of care and that his conduct, "to a reasonable degree of medical probability," had caused Samara permanent nerve damage. Finally, citing Dr. Doumanian's declaration, Samara argued triable issues of material fact existed as to whether Dr. Matar was independently negligent in his post-operative treatment of her. She did not argue or include evidence Dr. Matar was negligent in referring her to Dr. Nahigian or that his post-operative care or treatment had caused her injury.

In his reply Dr. Matar argued Samara had failed to raise a triable issue of material fact that any post-operative action or omission had directly caused her injury.

The trial court granted Dr. Matar's motion, ruling under the doctrine of claim preclusion the earlier judgment for Dr. Nahigian barred Samara's vicarious liability claim. The trial court acknowledged modern case law holding issue preclusion/ collateral estoppel inapplicable when the ground relied on by the trial court in an earlier action had not been addressed in the appellate opinion affirming the judgment, but distinguished those authorities on the ground the question in the instant

6

matter was one of claim preclusion, not issue preclusion.  The court also found Samara had failed to establish a triable issue of material fact that Dr. Matar had independently caused her injury.

## DISCUSSION

1.  *Standard of Review*

A motion for summary judgment is properly granted only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (Code Civ. Proc., § 437c, subd. (c).)  We review a grant of summary judgment de novo and decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law.  (*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 286; *Schachter v. Citigroup, Inc.* (2009) 47 Cal.4th 610, 618.)  The evidence must be viewed in the light most favorable to the nonmoving party.  (*Ennabe v. Manosa* (2014) 58 Cal.4th 697, 703; *Schachter*, at p. 618.)

2.  *The Trial Court Erred in Granting Summary Judgment on the Ground of Claim Preclusion*

The question of the applicability of claim preclusion or issue preclusion is one of law to which we apply a de novo review.  (*Johnson v. GlaxoSmithKline, Inc.* (2008) 166 Cal.App.4th 1497, 1507 (*Johnson*); *Noble v. Draper* (2008) 160 Cal.App.4th 1, 10.)[2]

---

[2]     Although Dr. Matar moved for summary judgment on the ground of issue preclusion, the trial court decided the motion based on claim preclusion—an issue not raised in Dr. Matar's motion or addressed in Samara's opposition.  However, Samara has not objected on notice grounds to the court's ruling; we consider that issue forfeited.  (See *Fourth La Costa Condominium Owners Assn. v. Seith* (2008)

7

a. *Res judicata:  claim preclusion and issue preclusion*

The doctrine of res judicata has two aspects—claim preclusion and issue preclusion.  (*DKN Holdings LLC. v. Faerber* (2015) 61 Cal.4th 813, 824 (*DKN Holdings*); *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.)  "*Claim preclusion* 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.]  Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties [or those in privity with them] (3) after a final judgment on the merits in the first suit.  [Citations.]  If claim preclusion is established, it operates to bar relitigation of the claim altogether."  (*DKN Holdings*, at p. 824; accord, *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896 (*Mycogen*); *Johnson*, *supra*, 166 Cal.App.4th at p. 1507.)  The bar applies if the cause of action could have been brought, whether or not it was actually asserted or decided in the first lawsuit.  (*Busick v. Workermen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 974; *Zevnik v. Superior Court*, *supra*, 159 Cal.App.4th at p. 82.)  The doctrine promotes judicial economy and avoids piecemeal litigation by preventing a plaintiff from """splitting a single cause of action or relitigat[ing] the same cause of action on a different legal theory or for different relief."""  (*Mycogen*, at p. 897.)

The second aspect of res judicata, issue preclusion, historically referred to as collateral estoppel, "prohibits the relitigation of issues argued and decided in a previous case, even

159 Cal.App.4th 563, 585 [due process notice issue forfeited because not raised in trial court]; *In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1478.)

if the second suit raises different causes of action.  [Citation.]
Under issue preclusion, the prior judgment conclusively resolves
an issue actually litigated and determined in the first action."
(*DKN Holdings, supra,* 61 Cal.4th at p. 824; accord, *Boeken v.
Philip Morris USA, INC., supra,* 48 Cal.4th at p. 797.)  The
doctrine applies "(1) after final adjudication (2) of an identical
issue (3) actually litigated and necessarily decided in the first
suit and (4) asserted against one who was a party in the first suit,
or one in privity with that party."  (*DKN Holdings*, at p. 825.)
The doctrine differs from claim preclusion in that it operates as a
conclusive determination of issues; it does not bar a cause of
action.  (*Ibid.*)  In addition, unlike claim preclusion, issue
preclusion can be raised by one who is not a party to the prior
proceeding against one who was a party or his or her privy.
(*Ibid.*; *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.)
Moreover, even if the minimal requirements for issue preclusion
are satisfied, courts will not apply the doctrine if policy
considerations outweigh the doctrine's purpose in a particular
case. (*Lucido,* at pp. 342-343.)

> b. *Claim preclusion is not applicable because there
> were not successive lawsuits*

There is no dispute the first two elements necessary for
claim preclusion are present here: (1) Samara's action against
Dr. Matar for professional negligence, to the extent it is based on
his alleged vicarious liability for Dr. Nahigian's conduct, involves
the same cause of action, that is, the same primary right, as that
alleged in her lawsuit against Dr. Nahigian;[3] and (2) as an

---

[3]     Under the primary rights theory of claim preclusion applicable
in California, "a cause of action arises from the invasion of the primary

alleged employer/principal, Dr. Matar is in privity with Nahigian. (See *DKN Holdings, supra,* 61 Cal.4th at pp. 827-828 ["[w]hen a defendant's liability is entirely derived from that of a party in an earlier action, claim preclusion bars the second action because the [primary right is the same and] second defendant stands in privity with the earlier one"]; *Richard B. LeVine, Inc. v. Higashi* (2005) 131 Cal.App.4th 566, 578-579 [same].)

The essential third element—separate or successive lawsuits—is not. As discussed, summary judgment in favor of Dr. Nahigian was granted on alternative grounds, causation and statute of limitations. Had no appeal been filed, that judgment, on the merits, would have been final and entitled to preclusive effect. (See *Brown v. Campbell* (1893) 100 Cal. 635, 647; *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising* (2000) 85 Cal.App.4th 1168, 1174 [in California, unlike in federal courts, "the rule is that the finality required to invoke the preclusive bar of res judicata [claim preclusion] is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired"].) However, an appeal was filed and decided solely on the basis of the statute of limitations, a purely procedural ground that was personal to Dr. Nahigian (see fn. 1, above). (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 751-752 [termination of action on statute of limitations ground is not an adjudication on the merits]; *Perez v. Roe 1* (2006) 146 Cal.App.4th 171, 183-184 ["California law holds that a civil

right. Although different grounds for legal relief may be asserted under different theories, conduct that violates a single primary right gives rise to only one cause of action." (*DKN Holdings, supra,* 61 Cal.4th at p. 818, fn. 1; see also *id.* at p. 828; *Boeken v. Philip Morris, supra,* 48 Cal.4th at pp. 797-798.)

judgment based solely on the statute of limitations is not on the merits"].)

Notwithstanding the expressly limited nature of our decision in *Samara I,* relying on the Civil War-era case of *People v. Skidmore* (1865) 27 Cal. 287 (*Skidmore*), Dr. Matar argues our decision affirmed the entire judgment, including the trial court's merits-based determination on causation, even though we did not reach that question. In *Skidmore* the lower court had entered a judgment in favor of defendants on alternative grounds, one procedural (misjoinder) and one on the merits. On appeal the Supreme Court affirmed the judgment on misjoinder grounds without reaching the merits, stating its decision would not "'preclude the plaintiff from suing again when the cause of action c[ould] be more formally set out.'" (*Id.* at p. 292.) The plaintiff then filed a second action against the same defendants, alleging the same cause of action. The defendants argued the action was barred under the doctrine of claim preclusion by the judgment in the first lawsuit. The plaintiff, on the other hand, argued there had been no final judgment on the merits in that lawsuit, only a decision on procedural grounds.

The *Skidmore* Court acknowledged that in its prior decision it had affirmed the trial court judgment on purely procedural grounds. Nonetheless, characterizing as dicta its earlier suggestion that the plaintiff could refile the action, the Court held its affirmance of the judgment "was an affirmance to the whole extent of the legal effect of the judgment when it was entered in the [c]ourt below." (*Skidmore, supra,* 27 Cal.2d at p. 292.) In other words, because the judgment below was on the merits, the Supreme Court's affirmance of that judgment, even on purely procedural grounds, was tantamount to an affirmance

11

of the judgment in its "entirety, and by direct expression." (*Id.* at p. 293 ["[t]he judgment below was not reversed, either in whole or in part, by the Supreme Court, nor was it modified in any particular; and it follows, if the Court dealt with the judgment at all, it must have affirmed it to the whole extent of its terms"].)

Assuming the *Skidmore* holding still remains viable—a question we need not decide but which the Supreme Court might want to address[4]—our decision in *Samara I* in favor of Dr. Nahigian might well have barred Samara's vicarious liability claim against Dr. Matar if she had asserted it in a separate lawsuit. But Samara did not "split" her cause of action: She sued Drs. Nahigian and Matar in a single action asserting they were both liable (Dr. Nahigian, directly; Dr. Matar, vicariously) for Dr. Nahigian's negligent performance of her oral surgery. Accordingly, the judgment in favor of Dr. Nahigian does not bar Samara from continuing her action against Dr. Matar. Claim preclusion simply does not apply in these circumstances. (See *DKN Holdings, supra,* 61 Cal 4th at pp. 827-828 [judgment in favor of one defendant bars a second action against a second defendant in privity with the first under the doctrine of claim preclusion]; *Clark v. Lesher* (1956) 46 Cal.2d 874, 880 [in claim preclusion, a prior judgment bars a "second suit between the same parties"]; see also *Mycogen, supra,* 28 Cal.4th at p. 897 ["A clear and predictable res judicata doctrine promotes judicial economy. Under this doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought

---

[4] Several appellate courts have rejected *Skidmore*'s applicability in the related collateral estoppel/issue preclusion context. (See Discussion, *infra*, at pp. 15-19.)

initially, they may not be raised at a later date"]; *Brinton v. Bankers Pension Services, Inc.* (1999) 76 Cal.App.4th 550, 557-558 [where securities broker found not liable for investment losses, losing plaintiff cannot subsequently sue broker's principal based on same claim; successive lawsuit barred by claim preclusion]; *Thibodeau v. Crum* (1992) 4 Cal.App.4th 749, 757 [when general contractor prevails in arbitration, claim preclusion barred plaintiff's successive lawsuit against the subcontractor who did the work].)

As Dr. Matar realized when he moved for summary judgment, the question here is not whether claim preclusion applies, but whether under the doctrine of issue preclusion resolution of Dr. Nahigian's liability in his favor conclusively established the question of causation for purposes of Dr. Matar's alleged vicarious liability. (See *Freeman v. Churchill* (1947) 30 Cal.2d 453, 462 [when employee and employer are sued in same lawsuit and employer's liability is alleged to be solely derivative of employee's, judgment favorable to employee conclusively established employer not liable; employer thus entitled to directed verdict based on issue preclusion];[5] *Sartor v.*

---

[5] Language in *Freeman v. Churchill, supra,* 30 Cal.2d 453 that the rule of "res judicata" "is the same whether the actions are separate or the employee and employer are joined in the same action" (*id.* at p. 461) does not suggest otherwise. A careful review of *Freeman* reveals that, in holding the employer was entitled to a directed verdict rather than dismissal of the lawsuit based on its finding in favor of the employee, the Court used the term "res judicata" to refer to issue preclusion, not claim preclusion. (See *id.* at pp. 461-462; see also *DKN Holdings, supra,* 61 Cal.4th at pp. 823-824 [observing the Court's prior opinions have caused some confusion because of the Court's historic tendency to use the "umbrella term" "res judicata" to refer to claim preclusion, issue preclusion or both; in fact, "[i]t is important to

13

*Superior Court* (1982) 136 Cal.App.3d 322, 325-328 [when plaintiff sued employees and principal corporation, and claim against employees stayed pending arbitration against principal corporation, ruling in favor of corporation operated as collateral estoppel/issue preclusion on question of employees' liability].)

### c. *The issue of Dr. Nahigian's negligence has not been conclusively established*

Dr. Matar contends *Skidmore* is controlling on the applicability of issue preclusion. That is, even though we affirmed the judgment in *Samara I* solely on statute of limitations grounds, expressly declining to reach the causation question, Dr. Matar argues our affirmance necessarily encompassed all issues reached by the trial court, including its finding Samara could not show Dr. Nahigian caused her injury. (See *DiRuzza v. County of Tehama* (9th Cir. 2003) 323 F.3d 1147, 1156 (*DiRuzza*) [the California position as articulated in *Skidmore* is that "even if the appellate court refrains from considering one of the grounds upon which the decision below rests, an affirmance of the decision below extends legal effects to the whole of the lower court's determination, with attendant collateral estoppel effect"]; see also *Tomkow v. Barton* (9th Cir. Jan. 5, 2017, BAP No. CC-16-1075) __ F.3d __ [2017 Bankr. Lexis 31, at *10, *19 [following *Di Ruzza* as "binding precedent from the Ninth Circuit"].)

With one relatively timeworn exception California courts of appeal have rejected application of *Skidmore* in the collateral estoppel context, concluding an affirmance on an alternative

---

distinguish these two types of preclusion because they have different requirements" and effects].)

14

ground operates as collateral estoppel/issue preclusion only on the ground reached by the appellate court. (See *People ex rel. Brown v. Tri-Union Seafoods, LLC* (2009) 171 Cal.App.4th 1549, 1574-1575; *Zevnik v. Superior Court, supra,* 159 Cal.App.4th at pp. 87-88; *Newport Beach, supra,* 140 Cal.App.4th at p. 1131; *Butcher v. Truck Ins. Exchange* (2000) 77 Cal.App.4th 1442, 1459-1460; see also *Tomkow v. Barton, supra,* __ F.3d __ [2017 Bankr. Lexis 31 at *10] [following *DiRuzza* as controlling precedent while acknowledging California courts of appeal have made "compelling arguments" for departing from *Skidmore* rule]; but see *Bank of America v. McLaughlin Etc.* (1940) 40 Cal.App.2d 620, 628 [issue preclusion applicable to all issues decided by trial court in judgment even those appellate court expressly declined to reach; "when the bankruptcy court determined that the petitioner therein had no interest in the property listed, such determination became final as to that issue, notwithstanding the fact that the Circuit Court of Appeals, in affirming the judgment, based its conclusions upon the other issues"].)

In declining to apply the *Skidmore* rule to issue preclusion, modern appellate authorities have identified three main justifications: First, and in our view most persuasively, *Skidmore* addressed the doctrine of claim preclusion as it applied to successive lawsuits between the same parties; it did not address issue preclusion. (See *Zevnik v. Superior Court, supra,* 159 Cal.App.4th at p. 88 & fn. 9.) That distinction is critical. Unlike claim preclusion, for issue preclusion to apply the issue must have been actually litigated and decided. That cannot have occurred if the appellate court reviewing the judgment expressly declined to address the issue. (*Ibid.;* see *id.* at p. 85 ["[t]he opportunity for review of a decision is an important procedural

15

protection against a potentially erroneous determination"; "an appellate court's failure to review an alternative ground on appeal has the same effect as the absence of an opportunity for review and, we believe, should result in no collateral estoppel as to that alternative ground"]; *Butcher v. Truck Ins. Exchange, supra,* 77 Cal.App.4th at p. 1460 [same]; see also *Moran Towing & Transportation Co. v. Navigazione Libera Triestina, S.A.* (2d Cir. 1937) 92 F.2d 37, 40 [to treat as controlling the findings of a trial court when the appellate court expressly declines to rule upon them and instead renders a decision of affirmance on different grounds is "the height of unreason" and furnishes "a false guide" to parties and to other litigations affected by the decision].)

Second, even if *Skidmore* were to apply to the separate, albeit related, doctrine of issue preclusion, the law of issue preclusion "has undergone tremendous change" since *Skidmore* was decided, culminating in the adoption in 1982 of the Restatement Second of Judgments (Restatement Second). (See *Newport Beach, supra,* 140 Cal.App.4th at p. 1131.) Unlike its predecessor, which set forth a contrary rule (one that the Court of Appeal in *Bank of America v. McLaughlin Etc. Co., supra,* 40 Cal.App.2d at page 628 relied on to find issue preclusion applicable to questions expressly not reached by the appellate court), the Restatement Second provides, if a judgment rendered by a court of first instance on alternative grounds is upheld by the appellate court on only one of the grounds, and the appellate court "'refuses to consider whether or not the other [ground] is sufficient and accordingly affirms the judgment, the judgment is conclusive [only] as to the first determination.'" (*Newport Beach,*

16

at pp. 1128-1129, quoting Rest.2d. Judgments § 27, com. *o.*)[6] Observing that the California Supreme Court had never confirmed *Skidmore* in the 150 years since it was decided, but has cited the Restatement Second with approval concerning the doctrine of issue preclusion (see, e.g., *Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 874, & fn. 6; *George Arakelian Farms, Inc. v. Agricultural Labor Relations Bd.* (1989) 49 Cal.3d 1279, 1290, fn. 7), the *Newport Beach* court found *Skidmore* inapplicable to issues of collateral estoppel/issue preclusion. The court reasoned, "[T]he California Supreme Court, if faced with the issue today, would adopt the modern rule expressed in comment *o* to the Restatement Second of Judgments, section 27."

---

[6] Section 27 of the Restatement Second of Judgments provides, "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Comment *o* to that section explains, "If a judgment rendered by a court of first instance is reversed by the appellate court and a final judgment is entered by the appellate court (or by the court of first instance in pursuance of the mandate of the appellate court), this latter judgment is conclusive between the parties. [¶] If the judgment of the court of the first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient, and accordingly affirms the judgment, the judgment is conclusive as to both determinations. . . . [¶] If the appellate court upholds one of these determinations as sufficient but not the other, and accordingly affirms the judgment, the judgment is conclusive as to the first determination. [¶] If the appellate court upholds one of these determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination.*"*

17

(*Newport Beach*, at p. 1132; accord, *People ex rel. Brown v. Tri-Union Seafoods, LLC, supra,* 171 Cal.App.4th at p. 1575.)[7]

Third, as a policy matter, giving preclusive effect to an issue expressly not decided in the appellate opinion would conflict with the appellate court's duty under article VI, section 14 of the California Constitution to set forth its decisions in writing "'with reasons stated.' . . . To comply with th[at] constitutional mandate, and to avoid unintended collateral estoppel consequences under the traditional [*Skidmore*] rule, the appellate court would have to address every ground recited in a judgment, even though a decision on one ground would resolve the dispute before the court." (*Newport Beach, supra,* 140 Cal.App.4th at p. 1132.) In effect, application of this rule would generate the very judicial inefficiency the doctrine of issue preclusion is designed to avoid. (*Ibid.*; accord, *Zevnik v. Superior Court, supra,* 159 Cal.App.4th at p. 85; see generally *Lucido v. Superior Court, supra,* 51 Cal.3d at p. 343 ["the public policies underlying collateral estoppel—preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation—strongly influence whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy"].)

---

[7]  Citing *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, the *Newport Beach* court acknowledged its duty under the doctrine of stare decisis to follow decisions of courts exercising superior jurisdiction, but reasoned *Skidmore* had been impliedly, albeit not expressly, overruled. (See *Newport Beach*, *supra*, 140 Cal.App.4th at p. 1131, citing *Sei Fujii v. State of California* (1952) 38 Cal.2d 718, 728 ["'the authority of an older case may be as effectively dissipated by a later trend of decision as by a statement expressly overruling it'"].)

For all these reasons, we agree with our colleagues in the Fourth District (*Newport Beach*), the First District (*Tri-Union Seafoods*) and Division Three of this court (*Zevnik*) and conclude it is not proper to give conclusive effect under the doctrine of issue preclusion to a ground we expressly declined to reach in our review of the judgment. Indeed, as Justice Fybel recognized in *Newport Beach,* "[W]e wrote the [first] appellate decision [in this case]. We know we did not decide the [alternative ground now at issue] and expressly stated 'we do not address' [that question.] 'To hold now the judgment [in our first case] is [collateral estoppel] on that issue would be, as Judge Hand put it, 'the height of unreason.'" (*Newport Beach, supra,* 140 Cal.App.4th at p. 1130.)

In so holding, we emphasize the reasons for finding collateral estoppel/issue preclusion inapplicable to grounds not passed on by the appellate court do not apply in the claim preclusion context. As discussed, under the doctrine of claim preclusion, as long as an appellate court affirms at least one ground on the merits, any other claim that was or could have been brought would be subsumed in the judgment, which operates as a merger or bar to any subsequent lawsuit based on the same primary right whether or not the appellate court addressed the merits of that cause of action on appeal. (See generally *DKN Holdings, supra,* 61 Cal.4th at p. 824; *Boeken v. Philip Morris USA, Inc., supra,* 48 Cal.4th at p. 797.)

19

3. *The Trial Court's Summary Judgment Ruling Covering Both the Vicarious Liability and Direct Liability Claims Must Be Reversed*

In addition to challenging Samara's vicarious liability claim, in his summary judgment motion Dr. Matar also argued Samara had no evidence that any negligent act or omission by him directly caused her injury. The trial court agreed, concluding Dr. Doumanian's declaration focused on Dr. Matar's vicarious liability and did not establish a causal nexus between any postoperative care, act or omission by Dr. Matar and Samara's injury.

Samara's appeal does not contest the trial court's ruling on her claim of direct liability against Dr. Matar. Nonetheless, Samara's vicarious liability claim against Dr. Matar based on Dr. Nahigian's alleged negligence in performing her oral surgery and her direct liability against Dr. Matar based on his allegedly negligent post-operative care asserted violations of separate primary rights and, therefore, constituted separate causes of action for purposes of Code of Civil Procedure section 437c, subdivision (f)(1). (See *Mathieu v. Norrell Corp.* (2004) 115 Cal.App.4th 1174, 1188; *Lilienthal & Fowler v. Superior Court* (1993) 12 Cal.App.4th 1848, 1854-1855.) To prevail on summary judgment Dr. Matar had to defeat both causes of action. He did not. And because he did not move in the alternative for summary adjudication of Samara's direct liability claims, in reversing the order granting summary judgment, we are unable to direct the trial court on remand to enter a new order disposing of that claim. (See *People ex rel. Government Employees Ins. Co. v. Cruz* (2016) 244 Cal.App.4th 1184, 1197 ["[i]f a trial court erroneously grants summary judgment when a factual dispute exists but affects fewer than all causes of action,

20

the appellate court may direct the trial court to enter an order granting summary adjudication of the unaffected causes of action if the moving party alternatively moved for summary adjudication"]; *Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1354.)

## DISPOSITION

The judgment is reversed, and the matter remanded for further proceedings not inconsistent with this opinion. Samara is to recover her costs on appeal.


PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.


21