Filed 7/8/21  Mendoza v. Penske Automotive Group CA4/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

JOSE Q. MENDOZA,

    Plaintiff and Appellant,

v.

PENSKE AUTOMOTIVE GROUP, INC.,

    Defendant and Respondent.

E074419

(Super. Ct. No. CIVDS1802893)

OPINION

APPEAL from the Superior Court of San Bernardino County.  David S. Cohn, Judge.  Affirmed.

Jose Q. Mendoza, in pro. per. for Plaintiff and Appellant.

Arent Fox, John D. Bronstein and George N. Koumbis, for Defendant and Respondent.

I.

INTRODUCTION

Pro. per. plaintiff and appellant, Jose Q. Mendoza, sued PAG Ontario B1, Inc. dba BMW of Ontario, and its parent company, defendant and respondent, Penske Automotive Group, Inc., for various claims related to his purchase of a BMW. The trial court ordered Mendoza's claims against BMW of Ontario to be arbitrated, and the arbitrator found that BMW of Ontario was not liable for any of the claims. Penske then moved for judgment on the pleadings on the ground Mendoza's claims against Penske were barred under the doctrines of claim preclusion or collateral estoppel. The trial court agreed, granted the motion, and entered judgment for Penske.

Mendoza appeals. We find no error and affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Mendoza went to BMW of Ontario's dealership to purchase a certified pre-owned vehicle. While there, Mendoza decided to buy a certified pre-owned 2011 BMW 3 Series. During its "sales pitch," BMW of Ontario gave Mendoza a "Certified Pre-Owned vehicle Inspection Checklist," which contained false information about the vehicle. BMW of Ontario also offered to buy Mendoza's Cadillac from him for $1,000.

---

[1] The facts are drawn from Mendoza's operative complaint and we assume their truth. (See *Stevens v. Superior Court* (1999) 75 Cal.App.4th 594, 601.)

2

Shortly after purchasing the BMW, Mendoza found that the vehicle had several defects, which BMW of Ontario fixed. Several weeks after purchasing the vehicle, however, BMW of Ontario still had not paid Mendoza $1,000 for his Cadillac. Mendoza decided to return the BMW and asked BMW of Ontario to return his Cadillac. BMW of Ontario agreed, but failed to return the title and registration for the Cadillac. BMW of Ontario also never paid Mendoza the $1,000 for his Cadillac and did not refund his BMW purchase for almost one month after he returned it.

Mendoza decided to obtain a new certificate of title and registration for his Cadillac because BMW of Ontario refused to return the car's title and registration to him. In the ensuing weeks, Mendoza unsuccessfully tried to get his Cadillac's title and registration from BMW of Ontario. BMW of Ontario eventually told Mendoza that he had to sign a release and "Power of Attorney" before it would return the Cadillac's title to him. Mendoza refused because he believed signing the forms would allow BMW of Ontario to own his Cadillac illegally. After seven months of back-and-forth with BMW of Ontario, BMW of Ontario returned Mendoza's title for his Cadillac.

Mendoza sued BMW of Ontario and Penske for fraud, products liability, and for allegedly violating several consumer protection statutes. Mendoza did not differentiate between BMW of Ontario and Penske in his Complaint. He alleged the same causes of action against each entity based on the same allegations and sought the same relief from them. Mendoza argued Penske was liable for BMW of Ontario's conduct because Penske is BMW of Ontario's parent corporation.

3

BMW of Ontario moved to compel arbitration of Mendoza's claims. The trial court granted the motion, ordered Mendoza to arbitrate his claims against BMW of Ontario, and stayed his claims against Penske.

The arbitrator ruled in BMW of Ontario's favor. The arbitrator found, among other things, that Mendoza "ha[d] not proved that he suffered any compensable damages as a result of any action, inaction, or policy of [BMW of Ontario]." The arbitrator ruled that Mendoza "shall take nothing by his claims against" BMW of Ontario. The trial court confirmed the arbitrator's award and entered judgment for BMW of Ontario on all of Mendoza's claims.

Penske moved for judgment on the pleadings, arguing that Mendoza's claims against Penske were barred by the doctrines of claim preclusion and issue preclusion. The trial court agreed, granted the motion, and entered judgment for Penske. Mendoza timely appealed.

III.

DISCUSSION

"Claim preclusion . . . acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties. [Citation.]" (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) Claim preclusion "'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them,'" and applies if the "second suit involves (1) the same cause of action (2) between the same parties [or parties in privity with them] (3) after a final judgment on the merits

4

in the first suit. [Citations.]" (*Ibid.*) An arbitrator's award has preclusive effect under the doctrine of claim preclusion. (See *Brinton v. Bankers Pension Services, Inc.* (1999) 76 Cal.App.4th 550, 556.) We review de novo the trial court's finding that Mendoza's claims against Penske are barred by claim preclusion. (*Samara v. Matar* (2017) 8 Cal.App.5th 796, 803.)

All three elements of claim preclusion are met here. Mendoza asserted identical claims against BMW of Ontario and Penske. The arbitrator's decision was on the merits. The arbitrator found that BMW of Ontario was not liable for any of Mendoza's claims and that he deserved no damages because he suffered none. The trial court entered final judgment for BMW of Ontario based on that decision.

Mendoza argues Penske was not in privity with BMW of Ontario because they were "business partners" and "joint and several obligors."[2] Even if true, BMW of Ontario and Penske may still be in privity for purposes of Mendoza's claims.

"'"Privity" as used in the context of [claim preclusion] does not embrace relationships between persons or entities, but rather it deals with a person's relationship *to the subject matter of the litigation*. [Citation.]' [Citation.]" (*Cal Sierra Development, Inc. v. George Reed, Inc.* (2017) 14 Cal.App.5th 663, 674 (*Cal Sierra*), italics in original.) "[P]rivity requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit, and circumstances such that the

___

[2] Penske argues Mendoza forfeited these arguments by failing to assert them in the trial court, but Mendoza raised them in his opposition to Penske's motion for judgment on the pleadings.

5

nonparty 'should reasonably have expected to be bound' by the first suit. [Citation.] A nonparty alleged to be in privity must have an interest so similar to the party's interest that the party acted as the nonparty's ""'virtual representative'"" in the first action. [Citation.]" (*DKN Holdings LLC v. Faerber*, *supra*, 61 Cal.4th at p. 826.)

In his Complaint, Mendoza asserted BMW of Ontario and Penske were liable for the same claims based on the same allegations, and he sought the same relief from them. In his opposition to Penske's motion for judgment on the pleadings, Mendoza argued that Penske was liable for BMW of Ontario's conduct on various theories, including that Penske is BMW of Ontario's parent corporation and its "alter ego." All of Mendoza's claims against Penske, however, are predicated exclusively on BMW of Ontario's conduct. Mendoza thus acknowledged at the hearing on Penske's motion that Penske's liability for his claims was derivative of BMW of Ontario's liability. "[D]erivative liability establishes privity." (*Cal Sierra*, *supra*, 14 Cal.App.5th at p. 673.)

Moreover, given that Mendoza argued Penske's liability turned on BMW of Ontario's conduct and he alleged the same claims against them, Penske and BMW of Ontario's interests as they relate to Mendoza's claims are identical. BMW of Ontario therefore acted like Penske's "virtual representative" in the arbitration. (*DKN Holdings LLC v. Faerber*, *supra*, 61 Cal.4th at p. 826; see *Cal Sierra*, *supra*, 14 Cal.App.5th at p. 674 [separate corporations were in privity because plaintiff's claims against them concerned same subject matter and corporations would be "adversely and similarly impacted" if plaintiff's claims succeeded].) BMW of Ontario and Penske were therefore

in privity with each other for purposes of Mendoza's claims. The trial court correctly found that claim preclusion bars Mendoza's claims against Penske.

Finally, Mendoza argues the trial court abused its discretion by denying his request for leave to amend his Complaint. We disagree. The trial court properly found that Mendoza's claims were barred by claim preclusion, and he has provided no argument as to how he could amend his complaint to avoid that bar. (See *Coutin v. Lucas* (1990) 220 Cal.App.3d 1016, 1020 [appellant bears the burden of showing complaint can be amended to state viable claim].) The trial court therefore did not err in sustaining Penske's demurrer to Mendoza's claims without leave to amend.

## IV.

## DISPOSITION

The judgment is affirmed. Penske may recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

7